JOHN J. SHAUBHUT and HENRY SHAUBHUT, Respondents, *vs.* AARON HILTON and Wife, impleaded with others, Appellants.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

A. bought land, but did not record her deed; B seized the same land under an attachment. A subsequently recorded her deed; B obtained judgment in the action in which the attachment issued, sued out execution, and placed it in the hands of the sheriff. In advertising the land for sale, the sheriff described the same correctly except that he made a mistake in the name of the survey, which would not cover the land. The sale took place, the Plaintiff became the purchaser and the execution was returned satisfied. All parties supposed that the land sold and purchased, was the same seized under the attachment. *Held,* That equity could set aside the sale, reinstate the judgment as against A, and order a sale under the execution of the lands actually seized under the attachment, restoring the parties to the same relative position they occupied previous to the commission of the mistake.

It is not essential to the validity of an attachment that the warrant should disclose the name of the officer from whom it was obtained. Nor is it essential to the validity of a judgment obtained without personal service of the summons, that the judgment roll should disclose the fact that security was filed before the judgment was entered.

Points and Authorities for Appellants.

I.—The judgment roll should not have been admitted, for the reasons urged on trial, and without this evidence Plaintiffs must have failed in the Court below, and this Court will try the cause on legal evidence only.

II.—The mistake sought to be corrected, (if mistake it be), does not belong to any class of mistakes against which courts of chancery give relief, but is the result of gross carelessness on the part of Plaintiffs. 1 *Story Eq.*, 159, *sec.* 146, *also,* 163–4, *sec.* 151 ; 1 *Fonb. Eq.*, B. 1, *chap.* 3, *sec.* 3 ; 6 *O. R.*, 417 ; 5 *Serg. & Rawl.*, 225; 2 *Cal.*, 103, *and other authorities cited in the above cases.*

III.—The levy and sale, even according to the Plaintiff's own showing, was neither void nor fruitless, as they got thereby good title to part of the lots sold, to wit, lots one and five, and *non constat,* that they would ever have been disturbed in their claim or possession under said sale of the

other lots, and they prevented a sale of same premises to another bidder, who bid for the same $500.

IV.—The judgment being satisfied by Plaintiffs, the land was thereby relieved, not only from their levy, &c., but from their attachment lien, and Hilton's deed having been recorded before the sheriff's sale, Hilton must hold said lands as against Plaintiffs, unless their alleged mistake can be corrected as against Hilton ; but this cannot be done because Hilton is a stranger to this transaction, and is entitled to the protection accorded to priority of right and to innocent purchasers. 1 *John. C. R.*, 300 ; 1 *Fonb. Eq.*, B. 1, chap. 1, sub. 7, note (*u*); *Parret et al.* vs. *Shaubhut*, 5 *Minn.*, 323; 4 *O. R.* 459 secs. 178, 181; 6 *id.*, 162 ; 11 *Serg. & R.*, 138 ; 3 *O. R.*, 517, and authorities referred to in said cases.

Points and Authorities for Respondents.

I.—The record of the judgment against Lay in favor of the Plaintiffs, was properly received in evidence. The objection thereto was not valid.

1st. Because the absence of the bond from among " the papers in the case," is no proof that a bond was not in fact given.

2d. Because the judgment was good though no bond was in fact given.

II.—Equity will relieve against the consequences of mistakes, unless the party seeking such relief has acted in bad faith, or been guilty of gross negligence or carelessness. The District Court has found upon the evidence, that the sheriff made the mistake, and the Plaintiffs without detecting it bid off the property, and in consequence the execution and judgment have been improperly and without consideration satisfied. There is no evidence of bad faith or inexcusable negligence against the Plaintiffs. The District Court has found in substance, and as a matter of fact from the evidence, that the mistake was inadvertently committed. As a general rule, such finding is conclusive, and will not be disturbed by the Appellate Court, if there is any evidence to support it. *Story*

*Eq.*, *secs.* 140 *to* 145 *inclusive; Fonb. Eq. top p.* 106 *to* 109 *inclusive, and notes on same pages.*

The Plaintiff's purchasing land under his judgment, under a belief that Defendant had title, when in fact he had none, is in equity no payment. *Schermerhorn vs. Borhydt,* 9 *Paige,* 28.

III.—It is not correct to say that the Plaintiffs "got title by their purchase, to lots one and five," in block three. They purchased the whole or none. There was but one bid ; no separate purchase of lots one and five, and the Court will not force on the Plaintiffs, in satisfaction of their bid and of their judgment, a small fraction of the property which they expected and believed they were purchasing. They never made any such contract, and the Court will not make it for them and force it upon them. A party is entitled to the benefit of a contract as he made it for himself, or to be relieved from it entirely.

IV.—It is not correct to say that " the judgment was satisfied by Plaintiffs." It is only satisfaction in form—not in fact. A judgment against one party cannot be satisfied by the seizure and sale of the property of another; but must be paid with the money or property of the judgment debtor.

V.—Hilton is not entitled to the favor the Courts extend to *bona fide* purchasers. He does not pretend he was ignorant of Lay's insolvency when the purchase was made, nor show that the property exchanged for this was of any value.

VI.—Had Hilton purchased in good faith after the sale, relying upon the fact that the record showed the judgment was satisfied, equity would not relieve the Plaintiffs, because, were the sale set aside and the judgment revived, Hilton's rights would be impaired. But the judgment being an undisputed lien when the sale occurred, the setting it aside has caused no injury to Hilton. *Willard's Eq. Jur.,* 78–9; 19 *Wend.,* 90, *and the cases there cited; Sears vs. Burnham,* 17 *N. Y. Rep.,* 445.

VII.—The sheriff was required to sell the attached property before he could resort to any other property. *Comp. Stat., p.* 552, *sec.* 156, *subdiv.* 2. This provision makes it clear that

the sale was made by mistake, if any more proof is necessary, and also renders the sale in this case legally invalid, imperatively requiring correction.

O. O. PITCHER and S. FINCH, Counsel for Appellant.

A. G. CHATFIELD, and F. H. WAITE, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—This action was brought into this Court, on the appeal of some of the other Defendants, from the decree entered in the Court below, and was argued at the last term; as to those Defendants the decree was affirmed. 6 *Min.*, 273. It only remains for us to determine whether the present Appellants occupy a position which will require a different decision as to them. In the first place, we have held that the mistake of fact upon which the bill is founded, is of a character that can be relieved against in equity. That question we will not consider as longer open. What then is the situation of the Appellants, and how are they affected by the decree. Mrs. Hilton purchased an undivided interest in the lands from Lay, before the action in which the attachment was issued was commenced. Her deed however was not recorded until after the land was seized under the attachment. She was therefore postponed by operation of the registry acts to the lien of the attachment. This would not have been the result previous to the act of August 3d, 1858, (*Sess. Laws* 1858, *p.* 116,) but since that act attachments and judgments are placed upon the same footing as conveyances for value. At this point Mrs. Hilton's interest in the land was as entirely subordinate to the interest of the Shaubhuts as if they had claimed under first and second mortgages regularly executed and recorded in their proper order. We do not see that she can claim any superior equities by reason of her interest resting upon a conveyance for value, and that of the Shaubhut's being based upon a forced lien. These distinctions, philosophical in themselves, are abolished by the act of 1858, whenever they arise between claimants whose priority is settled by the registry acts, and depends upon vigilance.

The Shaubhuts having obtained this advantage in the progress of its final consummation, commit an error, which, if irremediable, deprives them of it and postpones them to Mrs. Hilton. It is however such an error or mistake as equity will relieve against. The relief is granted; did it not restore the parties to the rights and status they enjoyed and occupied previous to the making of the mistake, it would be a mockery to call it relief at all; it would afford none. Mrs. Hilton has invested nothing upon the supposition that this judgment was satisfied. Had she done so the case would have been very different. The effect of the decree is simply to leave her as she was relatively with the Shaubhuts before the mistake was committed. In this result we see nothing inequitable.

The objections to the attachment are not well taken. It is not necessary that it should appear upon the warrant what officer allowed it to issue, nor would a slight discrepancy between the amounts stated in the warrant and that contained in the complaint affect the validity of a lien secured under it in a collateral proceeding. The defects suggested in the Defendant's objection may be irregularities, but are not jurisdictional.

The same may be said of the objection urged against the admission of the judgment roll,—the absence of a bond upon the entry of judgment. Such bond is solely for the security of the Defendant. The objection is not sufficiently broad however to reach the question of whether there was a bond filed or not, it being aimed at the fact that it did not "appear by the papers in the case that any security was filed before judgment docketed."

The decree must be affirmed as to the Appellants.