## First National Bank of Hastings *vs.* William K. Rogers & others.

### October 12, 1875.

Purchase by Judgment Creditor of Land Sold on Execution under Mistake as to Title—The Rule Caveat Emptor not Applicable—Satisfaction of the Judgment set aside.—Certain real estate belonging to one Mary E. Le Duc was levied upon and sold, as the property of defendant, William G. Le Duc, upon an execution issued upon a money judgment, in favor of plaintiff against defendants. Plaintiff, before the sale, caused an abstract of title to said property to be procured from the proper register of deeds' office, from an examination of which it believed such title to be in said defendant. Acting under this mistake of fact, it purchased the property, and took the usual sheriff's certificate of sale, whereupon the execution, with the amount of its bid endorsed thereon, was returned, and the judgment was satisfied to that amount. *Held,* that plaintiff having acquired nothing, and defendants having lost nothing, by the sale, and no rights of any third parties having intervened, it was competent for the court, in the exercise of its equity powers, in an action for that purpose, to set aside the satisfaction, and award a new execution for the amount.

Execution Sale not a Judicial Sale.—Such sale was not a judicial sale, nor one of that character.

Former Judgment—When not an Estoppel.—When the equitable right of a party to certain relief which he is seeking to obtain in an action was impossible of adjudication under the issues in a former action, the judgment in such former suit cannot be interposed as a bar in the second action.

Plaintiff brought this action, in April, 1871, in the district court for Dakota county, asking that the satisfaction of a former judgment in the same court, in his favor and against the same defendants, might be vacated, and such judgment reinstated to the amount of $2,906.00, and to have execution for that amount, and for general relief. The action was tried by *Crosby, J.,* who found the facts, in substance, as follows: On October 2, 1869, judgment for $6,485.12 was entered and docketed in the same court, in favor of plaintiff and against the defendants, William K. Rogers, William G. LeDuc and Eli Robinson. On May 9, 1870, execution was issued, by virtue of which the sheriff levied upon, and on June 4, 1870, sold to the

plaintiff, as the highest bidder, (among other property belonging to the defendants in severalty,) all the right, title and interest of the defendant, William G. Le Duc, in certain described lots in Le Duc's addition to Hastings, according to the recorded plat thereof.

The sheriff issued to plaintiff the usual certificate of sale (which was duly recorded) and returned the execution satisfied to the amount of $2,906.00, which was the total amount bid by plaintiff at the sale for such lots.

The lots above mentioned had formerly belonged to the defendant, Le Duc, who, on June 19, 1856, being the owner of part of the north-west quarter of section 34, in township 115, etc., laid out and platted a portion of the piece of land so owned by him as Le Duc's addition to Hastings, and caused such plat to be recorded in the registry of deeds for Dakota county. This recorded plat does not show what particular portion of the quarter-section it was intended to include.

By deed dated January 22, 1859, and recorded December 1, 1859, Le Duc conveyed to Elizabeth Bronson all of the quarter-section except such as had theretofore been conveyed by him, and including the above-mentioned lots which had not been so conveyed by him. By deed dated September 3, 1860, and recorded October 18, 1860, Bronson conveyed to Mary G. Le Duc all of the premises which had been so conveyed to her by William G. Le Duc, so that, at the date of the docketing of the judgment, such lots were, and have since been, owned in fee by Mary E. Le Duc, although it did not appear from either of the above-mentioned deeds that they included or referred to such lots.

Prior to the making of the levy the register of deeds of the county furnished plaintiff, at its request, a list of real estate owned by the defendant, Le Duc, and the plaintiff's attorney examined the abstracts of the records of deeds in the county, which abstracts were owned by the county, and kept by the

v.22м—15

register of deeds. The abstracts of the records of lots in Le Duc's addition showed that all the above-mentioned lots stood of record in the name of William G. Le Duc, and that he was the owner thereof, and did not show the conveyances from him to Elizabeth Bronson, and from her to Mary E. Le Duc. After the levy, and before the sale, plaintiff was notified that some of the property levied on was the property of Mary E. Le Duc, but what property, other than the homestead, (which was not sold under the execution,) was not specified. At the time of the sale the plaintiff was wholly ignorant that the above-mentioned lots had been conveyed by the defendant, Le Duc, or that they were owned by Mary E. Le Duc, but it relied on the list furnished by the register, and upon its attorney's examination of the abstracts, nor did it discover until six months after the sale that the abstracts did not agree with the records.

On August 9, 1870, a second execution issued, upon which the sheriff collected the balance unpaid on the judgment, which was thereupon satisfied of record by the clerk of the court on October 10, 1870. Upon these facts judgment was ordered and entered for plaintiff for the relief prayed in the complaint. The defendants appealed from the judgment, and from an order denying their motion for a new trial.

In the answer of the defendants, Le Duc and Robinson, for a second defence, they allege facts showing that they were sureties for Rogers in the instrument on which the judgment was founded ; that all the property levied on and sold, except the lots of Mrs. Le Duc, belonged to them ; that after the judgment was satisfied of record they took the proper steps, under the statute, to be subrogated to plaintiff's rights, as against Rogers, in respect of the judgment ; that one Cornelia Grosvenor, at the time the judgment was satisfied, held a mortgage on real estate of Rogers in Dakota and Ramsey counties, on which real estate the plaintiff's judgment, and another judgment of plaintiff against

Rogers alone, were liens, and the only liens thereon held by plaintiff; that on February 28, 1870, the mortgagee brought suit in the district court for Ramsey county to foreclose her mortgage, making these defendants (Le Duc and Robinson) and the plaintiff parties defendant, as claiming liens on the mortgaged premises; that plaintiff and these defendants were duly served and appeared in that action; that, before the time for answering the complaint therein expired, these defendants notified plaintiff of their claim to subrogation; that on November 26, 1870, " the rights and equities of said plaintiff, the First National Bank of Hastings, being duly considered by the court, it was found, adjudged and decreed by the said district court of Ramsey county, among other things, that the said judgment in said complaint set forth by said plaintiff was fully paid and satisfied as to said plaintiff, the First National Bank of Hastings, by these defendants; that the same was had upon a certain instrument in writing, signed by said William K. Rogers as principal and by these defendants as sureties; that, subsequent to the payment and satisfaction in full of said judgment as to said plaintiff, the First National Bank of Hastings, by these defendants, and within the time allowed by law, these defendants had filed their notice in writing in the office of the clerk of the district court, in and for the said county of Dakota, setting forth the said payment and satisfaction in full of said judgment by these defendants, in behalf of and for their said principal, and claiming to be subrogated to all the rights of said plaintiff, the said First National Bank of Hastings, as against their said principal, in respect of the said judgment; and that these defendants, the said William G. Le Duc and Eli Robinson, are now subrogated and entitled exclusively to all the rights of said plaintiff, the said First National Bank of Hastings, in respect of said judgment.

" And these defendants allege that no appeal was taken from said decree; that the same has never been set aside or reversed, and is now in full force and effect; and that

said plaintiff, the said First National Bank of Hastings, is estopped by said decree from the further enforcement of said judgment so paid and satisfied as aforesaid against these defendants, and from any and all further claim against these defendants arising therefrom." At the trial this second defence was stricken out, on plaintiff's motion, and the defendants excepted.

At the trial the register of deeds, called by the plaintiff, testified to plaintiff's requesting a list of real estate owned by defendants, and to his furnishing a list in which the lots in Le Duc's addition were included. He also testified that he used the abstract books belonging to the county in making the list. The plat of Le Duc's addition was then offered in evidence by plaintiff, and shown to the witness, who testified: "It does not describe the property owned by Mrs. Le Duc. It does not describe anything. It shows the corners of the four quarter-sections." All this evidence, including the plat, was properly objected to by defendants, and exceptions were duly taken to its admission.

*John M. Gilman*, for appellants.

The sale cannot be set aside because of mere mistake and disappointment of plaintiff in the purchase. Whatever the facts as to the title to the property sold, the plaintiff bought at its own risk. *Caveat emptor* applies to all purchases at sheriff's sale. The purchaser takes all risk of the debtor's title. "If a judgment creditor purchases land sold under his own execution as the defendant's property, takes a deed and enters satisfaction of the judgment, he cannot, if the title fails, have the satisfaction set aside and a new execution awarded." Gwynne on Sheriffs, 340; Rorer on Jud. Sales, §§ 458, 459; *Vattier* v. *Lytle*, 6 Ohio, 478; *Salmond* v. *Price*, 13 Ohio, 368; *Oviatt* v. *Brown*, 14 Ohio, 285, 294; *Corwin* v. *Benham*, 2 Ohio St. 36; *Creps* v. *Baird*, 3 Ohio St. 277; *Hollister* v. *Dillon*, 4 Ohio St. 197; *Durbin* v. *Fisk*, 16 Ohio St. 533; *Boggs* v. *Fowler*, 16 Cal. 559; *Smith* v.

*Painter*, 5 Serg. & Rawle, 223 ; *Friedly* v. *Scheetz*, 9 Serg. & Rawle, 156 ; *Fox* v. *Mensch*, 3 Watts & Serg. 444 ; *Freeman* v. *Caldwell*, 10 Watts, 9 ; *Vandever* v. *Baker*, 13 Penn. St. 121 ; *Sackett* v. *Twining*, 18 Penn. St. 199 ; *Banks* v. *Ammon*, 27 Penn. St. 172 ; *Bickley* v. *Biddle*, 33 Penn. St. 276 ; *Walden* v. *Gridley*, 36 Ill. 563 ; *McConnel* v. *Smith*, 39 Ill. 279 ; *The Monte Allegro*, 9 Wheat. 616, 648 ; *Lynch* v. *Baxter*, 4 Texas, 431 ; *Thompson* v. *Munger*, 15 Texas, 523 ; *Miller* v. *Finn*, 1 Neb. 254 ; *Pucket* v. *U. S.*, 5 Am. Law Reg. 459 ; *Barron* v. *Mullin*, 21 Minn. 374.

The failure of title to property bought upon quit-claim furnishes a large class of analogous cases governed by the same principle. In these cases the decisions are uniform that, in the absence of fraud of some description, an action for relief will not be sustained. *Gates* v. *Winslow*, 1 Mass. 65 ; *Wallis* v. *Wallis*, 4 Mass. 135 ; *Emerson* v. *County of Washington*, 9 Greenl. 88, 94 ; *Soper* v. *Stevens*, 2 Shep. (14 Me.) 133.

Mere mistake is never a ground of equitable relief. 1 Sto. Eq. §§ 146–151, 200 *a;* Kerr on Fraud & Mist. 406, 407. In this case the plaintiff had constructive notice of the facts from the county records, (Gen. St. ch. 40, § 28 ; 1 Greenl. Ev. § 483,) and it was gross negligence on its part to rely on the abstracts, which are unofficial books, liable at all times to be inaccurate, and often, as in this case, found to be so. *Daughaday* v. *Paine*, 6 Minn. 443. Even the register's certificate that the records in his office do not show a transfer of a title in question is not admissible in evidence. *Stoner* v. *Ellis*, 6 Ind. 152 ; *Cross* v. *Mill Co.*, 17 Ill. 54. Plaintiff had, moreover, actual knowledge of circumstances sufficient to put it on enquiry as to the title of Mrs. Le Duc, and is, therefore, chargeable with actual notice of her title.

The court erred in striking out the second defence. If the allegations in that defence were true, then the question

involved in this case was *res judicata*, and the former judgment therein pleaded was an estoppel, and a bar to this action. Whether the defence was true was a. question of fact, and not of law, and the defendants were entitled to prove its truth by the record, and by oral evidence in aid of the record. 1 Dan. Ch. P. 658 ; Sto. Eq. Pl. § 780 ; 1 Greenl. Ev. §. 522 ; *Harvey* v. *Richards*, 2 Gall. 216 ; *Hibsham* v. *Dulleban*, 4 Watts, 183 ; *King* v. *Chase*, 15 N. H. 9 ; *Gray* v. *Pingry*, 17 Vt. 419 ; *Perkins* v. *Walker*, 19 Vt. 144 ; *Stearns* v. *Stearns*, 32 Vt. 678 ; *Warburton* v. *Aken*, 1 McLean, 460 ; *La Grange* v. *Ward*, 11 Ohio, 257 ; *Granger* v. *Clark*, 9 Shep. (22 Me.) 128 ; *Vandyke* v. *Bastedo*, 3 Green, (N. J.) 224.

*Seagrave Smith*, for respondent.

CORNELL, J. It is claimed by defendants that the rule *caveat emptor* applies to all purchases at an execution sale by a sheriff, unaccompanied by fraud, and that where the judgment creditor becomes the purchaser at such a sale, and the execution and judgment are satisfied to the amount of his bid, a court of equity cannot vacate and set aside the satisfaction and sale, and issue a new execution, even though the purchaser acquires nothing, and the judgment debtor loses nothing, by the sale, by reason of the fact that the sheriff assumed to sell property belonging to a stranger, and which he had no authority to sell. In support of this proposition a large number of cases are cited, which fully sustain the doctrine as applicable to sales strictly of a judicial character, or partaking somewhat of that nature.

The sale in the present case was not, however, one of that character. It was simply an ordinary sale by a sheriff upon an execution on a money judgment. In such case the sheriff "acts as the ministerial officer of the law, and not as the organ of the court. He is not its instrument or agent, as in judicial sales, and the court is not the vendor. His authority to sell rests on the law and on the writ, and does not, as in judicial sales, emanate from the court.

The functions of the court terminate at the rendition of the judgment," except where, as in Missouri, Pennsylvania, and some of the other states, confirmation of the sale is required, and except when its power is invoked to set the sale aside, for cause, on motion. " The court does not direct what shall be levied on or sold, nor how the sale shall be made." The validity of the purchase does not depend upon its sanction and approval. Rorer on Jud. Sales, §§ 21, 22, 46, 53, and cases cited.

In the case under consideration the real estate assumed to be sold by the sheriff did not belong to the defendants in the execution, and they had no interest in it whatever. The officer had no authority to sell it; no estate, interest, possession, or right of possession, was transferred by the sale. The debtor lost nothing by it, and the judgment creditor acquired nothing by his purchase. Nothing, in fact, having been sold or purchased, there was nothing to which the *caveat emptor* rule could apply. No rights or equities of third parties having intervened, no possible prejudice can result to any one in setting aside the sale, vacating the satisfaction, and ordering a new execution. That the court, in the exercise of its equity jurisdiction, possesses the power to grant this relief in such a case, where, as is found by the court in this instance, the purchase is made in ignorance of the real facts as to the title of the property assumed to be sold, and the purchaser has been guilty of no negligence in ascertaining such facts, is undoubted, and was settled affirmatively in the case of *Lay* v. *Shaubhut,* 6 Minn. 273 ; approved in *Shaubhut* v. *Hilton,* 7 Minn. 506. See also *Jones* v. *Henry,* 3 Littell, (Ky.) 427 ; *Price* v. *Boyd,* 1 Dana, 434 ; *Muir* v. *Craig,* 3 Blackf. 293 ; *Julian* v. *Beal,* 26 Ind. 220 ; *Hughes* v. *Streeter,* 24 Ill. 647 ; *Ritter* v. *Henshaw,* 7 Iowa, 97 ; *Adams* v. *Smith,* 5 Cow. 280 ; *Bank of Utica* v. *Mersereau,* 3 Barb. Ch. 528.

The second defence set up in the joint answer of defendants, Le Duc and Robinson, required no reply, as the new

matter therein contained constitutes no counter-claim. Gen. St. ch. 66, §§ 83, 99.

The motion made by plaintiff to strike such defence from the answer, and to exclude any evidence under it, was a proper mode of raising the question as to the validity of such defence. The matter therein stated constituted, in our judgment, no bar to the present action. So far as concerns any matter involved in this action, the sole question for determination in the action referred to in this portion of defendants' answer related to the right of the bank to assert and maintain any claim or lien, under and by virtue of its judgment then satisfied of record, upon the mortgaged premises as against the plaintiff in that action, and the mortgage she was seeking thereby to foreclose. In the determination of that question the equitable right of the bank to be relieved from the legal effect of the satisfaction of its judgment as against these defendants, on account of mistake or otherwise, was in no way involved, nor rendered possible of adjudication, by any issue therein raised. There was no error in the decision of the district court on this point.

There was no error prejudicial to the defendants in the reception in evidence of the plat of Le Duc's addition, and the testimony of the register of deeds in regard to it, and to the abstract books, for the purpose for which they were offered. It tended to show how the mistake in regard to the condition of the title to the property occurred, and bore directly upon the question of plaintiff's care and diligence in investigating the title before its purchase at the execution sale.

Whether the records in the office of the register of deeds were sufficient to operate as a constructive notice to plaintiff of the actual condition of the title to the property in question, is not a circumstance of sufficient importance to defeat its right to the relief sought, if, in fact, it did not have actual notice or knowledge of such condition, and acted

with ordinary care, under the circumstances, in making the purchase, and hence the finding of the court as to what appeared from the recorded deeds and plat, whether correct or incorrect, could have worked no prejudice, and was no substantial error.

In regard to its finding upon the question of actual notice and knowledge, it is sufficiently supported by the evidence to be conclusive upon this court.

The foregoing comprises the principal points presented, and, upon an examination of the whole case, no substantial cause is discovered for any interference with the disposition made of the case by the district court.

The judgment, and the order denying a new trial, are affirmed