STEWART ET AL. *v.* ARMEL ET AL.

ACTION ON JUDGMENT.—*Duress.—Fraud.—Coercion.—Receipt.—Satisfaction of Judgment.—Parol Evidence.—Pleading.*—A complaint alleged, in substance, the recovery of a judgment against the defendant by the plaintiff

for a certain amount, a copy of which judgment was made part of the complaint; that, subsequently, the plaintiff sold and delivered to the defendant certain chattels at an agreed price; that the plaintiff was possessed of limited means, and was greatly in need of the sum agreed upon as the price of said chattels, whereupon the defendant, knowing plaintiff's necessities, and taking advantage of them, refused to pay for said chattels, and threatened to litigate payment, unless, as a condition precedent, the plaintiff would enter satisfaction of his said judgment and agree to pay the costs of suit; that, by reason of said fraud and coercion, and for no other consideration, satisfaction of said judgment was entered by plaintiff's attorneys, as follows: "By order of the plaintiff herein, we hereby enter satisfaction of this judgment, the plaintiff to pay costs;" and that said judgment remained due and unpaid.

*Held,* that the complaint states a cause of action, which entitles the plaintiff to relief, even if the facts are not sufficient to constitute duress.

*Held,* also, that the entry of satisfaction, endorsed on the judgment, was in the nature of a receipt for the amount thereof, and might be explained, controlled, qualified, or even contradicted by parol evidence.

*Held,* also, that the facts alleged, if sustained by the evidence, vitiated and avoided the said entry of satisfaction.

From the Decatur Circuit Court.

*S. A. Bonner, J. L. Bracken* and *B. W. Willson,* for appellants.

*J. D. Miller, F. E. Gavin* and *W. A. Moore,* for appellees.

HOWK, C. J.—In this action, the appellants, as plaintiffs, sued the appellees, as defendants, in the court below.

In their complaint, the appellants alleged, in substance, that, on the 30th day of December, 1874, they recovered a judgment against the appellees, before Green B. Roszell, a justice of the peace of Washington township, in Decatur county, Indiana, for the sum of seventy-four dollars and ten cents, and the costs of suit, taxed at six dollars and seventy-five cents, a copy of which judgment was filed with and made part of said complaint; that, on the 1st day of January, 1875, the appellants bargained, sold and delivered to the appellees fat hogs at an agreed price of three thousand one hundred and thirty-one dollars and sixty cents; that the same, by the agreement of the parties, were to be paid for on the 6th day of January following,—a check to

be given for said sum on the day of delivery, payable on said 6th day of January; that, after the delivery and acceptance of said hogs on said 1st day of January, the appellees resorted to the following pretexts to allay the appellants' suspicions, until said hogs were slaughtered and so intermingled with the appellees' other slaughtered hogs that identification thereof was impossible, to wit: that they would pay in a day or two, that they would give the check whenever the proper person returned to issue the same; after which time, and also on the said 6th day of January, they refused to pay the agreed price for said hogs, to wit: three thousand one hundred and thirty-one dollars and sixty cents, or any part thereof, unless, as a condition precedent, the appellants would enter satisfaction of their said judgment against the appellees, and agree to pay the costs therein taxed against the appellees, they, the appellees, saying at the time that they knew that the transaction was not honorable, and that it was a dirty trick, but that they had the appellants in their power, and, by using such power, intended to make the appellants enter such satisfaction and agreement to pay costs; that the appellants were, at that time and since, dealers in live-stock, and were men of limited and moderate means, relying solely upon their credit and promptness in paying all just debts at maturity, in order to continue said business, and having bills maturing in bank, and therefore greatly in need of said sum of three thousand one hundred and thirty-one dollars and sixty cents, so due them as aforesaid, all of which facts were well known to the appellees; and they, being men of large means, took advantage thereof and used the same, and knowing that by withholding payment they would greatly injure the appellants in credit and in their said business, they refused, and continued to refuse, to pay said sum, and threatened the appellants to litigate and postpone payment by the delay incident to

litigation, well knowing that there was no speedy mode of collecting the same by law, and that a judgment rendered therefor would only bear six per cent. interest, and that execution could not issue thereon waiving valuation and appraisement laws, and that the obligations which the appellants intended to pay with said sum were bearing ten per cent. interest and waived valuation and appraisement laws, and provided for large attorney's fees in case suits should be instituted thereon, the appellees compelled the appellants to enter the satisfaction and agreement on said judgment for seventy-four dollars and ten cents, in these words, to wit: " By order of the plaintiffs herein we hereby enter satisfaction of this judgment, this 7th day of January, 1875, the plaintiffs to pay costs," which was signed by the appellants' attorneys ; and the appellants averred, that, under the pressure of the foregoing facts and circumstances, and to save themselves from great loss and discredit on account of their outstanding liabilities, and upon no other consideration whatever, they entered said satisfaction and agreement. Wherefore the appellants alleged, that said satisfaction and agreement to pay costs were procured by the fraudulent conduct of the appellees, for the purpose of cheating and defrauding the appellants out of their just debts, and were procured by the coercion of the appellants, as shown by the facts above stated, and were not the free and voluntary act of the appellants, and that said judgment remained due and wholly unpaid.

To this complaint the appellees demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court below, and to this decision the appellants excepted, and, refusing to amend, judgment was rendered against them for costs.

In this court, the appellants have assigned, as error, the decision of the circuit court in sustaining the appellees' demurrer to the appellants' complaint.

In their respective briefs of this cause, in this court, the learned attorneys of both the appellants and the appellees have ably discussed the question of duress, which, it is claimed by the appellants, should vitiate and avoid their entry of satisfaction of their judgment, and their agreement to pay the costs thereof, as set out in their complaint. We do not think it is necessary for us to follow counsel in this discussion, or that we should decide the mooted question in this case. For it seems clear to us that the appellants have stated a cause of action in their complaint, which entitled them to relief, even if it is conceded that the matters alleged are not sufficient to show duress of any kind.

The averments of the complaint are clearly sufficient, we think, to constitute a good complaint on the justice's judgment, described therein, as a cause of action.

A copy of the justice's judgment is filed with and made part of the appellants' complaint in this action, by proper and sufficient averments as to the recovery thereof; and it was alleged in said complaint, " that said judgment remains due and wholly unpaid." These allegations, if there were none other in the complaint, would certainly be sufficient to constitute a cause of action in favor of the appellants, and, if sustained by the evidence, to entitle them to a judgment of the circuit court for the amount due on the justice's judgment.

The appellants then set out in their complaint a copy of a written entry of satisfaction and agreement to pay costs, endorsed on the justice's judgment; and they allege, as facts, certain matters of fraudulent conduct and want of any sufficient consideration. These alleged facts, if sustained by the evidence, would certainly, we think, vitiate and avoid the said entry of satisfaction and agreement. The entry of satisfaction, endorsed on the judgment, was in the nature of a receipt for the amount of the judgment. It was no more conclusive, and of no more binding force, than a receipt of the judgment would have been; and,

like a receipt, such entry of satisfaction might be explained, controlled, qualified, or even contradicted by parol evidence. *Krutz* v. *Craig*, 53 Ind. 561; *Pauley* v. *Weisart*, 59 Ind. 241; and *Beedle* v. *The State, ex rel.*, etc., *ante*, p. 26.

We are clearly of the opinion, that the appellants' complaint stated facts sufficient to constitute a cause of action; and therefore we hold that the court erred in sustaining the appellees' demurrer thereto.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.