Holtzinger v. Edwards.

HOLTZINGER ET AL V. EDWARDS.

1. **Judicial Sale**: SATISFACTION OF JUDGMENT : PRIOR LIENS. When the judgment debtor has the legal title to property at the time the judgment is rendered and the sale made the purchaser buys at his peril, and he is not entitled to relief if, being the judgment creditor, he buys the property and thus satisfies his judgment, even though the property be incumbered with prior liens.

*Appeal from Fremont District Court.*

WEDNESDAY, JUNE 11.

THE plaintiffs claiming to have certain mechanics' liens against real estate owned by the defendant procured judgments thereon in the District Court of the county in which the property was situate. Executions were issued and the real estate sold, the plaintiffs being the purchasers. The effect of

such sale was to satisfy the judgments.   This action is brought
to set aside the sale and satisfaction.   The District Court
refused the relief asked, and plaintiffs appeal.

*Dalbey & Holmes*, for appellants.

*Robert Percival*, for appellee.

SEEVERS, J.—The rule is that purchasers at execution sales
must take care and see to it the debtor has a title or inter-

1. JUDICIAL est in the property sold.   *Dean v. Morris*, 4 G.
sale : satisfac-
tion of judg- Greene, 312; *Downard v. Crenshaw*, 49 Iowa, 296.
ment: prior
liens.          If there has been no negligence in this respect,
and the debtor had neither title nor interest, relief has been
granted in equity.   *Ritter v. Henshaw*, 7 Iowa, 97, and cases
cited.   It is provided by statute that the sale may be set
aside "where the judgment on which the execution issued
was not a lien" on the property sold.   Code, § 3090.

The facts in the case at bar are that the defendant was the
owner of the legal title at the time the judgment was ren-
dered and sale made.   The judgments were liens thereon.   It
is clear, therefore, the case is not brought within the statute.

The appellants, however, insist the rule is that the sale will
be set aside when the purchaser does not obtain anything of
value, and, in support of this proposition, cite *Chambers v.
Cochran et al.*, 18 Iowa, 159; *Preston v. Harrison*, 9 Ind., 1;
and *Cowles, Ex'r, v. Bacon*, 21 Conn., 451.

These cases only go to the extent of holding that the sale
will be set aside if the debtor had no title or interest.   The
question of the debtor having the legal title or an apparent
interest, or whether such interest was probably valuable or
otherwise, was not considered.   By their purchase the plain-
tiffs obtained all the right, title and interest of the defendant,
including his right of redemption.   Defendant had a fee
simple title.   It is true it had been sold under executions
based on judgments which had priority to the plaintiffs'.
The property was also incumbered by other liens which were

prior to the plaintiffs'; as to some of them they had actual knowledge, and constructive notice of all. Because of their failure to pay off the prior liens the plaintiffs have obtained nothing by their purchase. But they acted on their own judgment, and if they have not realized anything it is their own fault, or mistake, as to the value of the property, or extent of the prior liens, or of their ability to pay off and discharge such liens. Having taken the chances, they must, under the circumstances, abide the result.

AFFIRMED.