D. M. Osborne & Co. *vs.* O. L. Wilson and another.

May 12, 1887.

Judgment and Execution—Vacation of Satisfaction.—The vacation of a return on an execution of satisfaction by levy and sale of personal property sustained, where a mortgagee of the property recovered its full value from the judgment creditor; it not appearing that the debtor had, at the time of the levy and sale, any valuable interest in it.

Appeal by defendants from an order of the district court for Hennepin county, *Young*, J., presiding, vacating a levy and sale under execution and a satisfaction of the judgment in this action.

*Burnham & Tillotson*, for appellants.

*Russell, Emery & Reed*, for respondent.

Gilfillan, C. J. Plaintiffs recovered judgment in the district court against the defendants, caused execution to be issued upon it, and certain personal property to be levied on and sold. The sale produced enough to satisfy the judgment, and the sheriff returned the execution fully satisfied. After the levy, but before the sale, the First National Bank demanded the property from the sheriff, serving on him an affidavit of their claim to it, and, the demand not being complied with, brought suit against the sheriff and the plaintiffs,

and recovered judgment for the full value of the property, being more than plaintiffs had received on the execution, which judgment they paid. They then made a motion to vacate the return of satisfaction on the execution, and for a reinstatement of the judgment, which motion the court below granted, and the defendants appeal.

The affidavit on which the motion was made stated that the property was not the property of the defendants, or either of them, and that it was the property of the bank. The affidavits on the part of the defendants do not state what their interest in the property at the time of the levy was, nor, indeed, that they had any. They show that the bank claimed the property under a chattel mortgage executed by them to it, but they do not state that they still hold the equity of redemption. It is apparent that if, at the time of the levy and sale, they had any interest at all, it was only a nominal and not a valuable one; for the interest of the bank, if only that of a mortgagee, was to the full value of the property. Therefore the plaintiffs got nothing, and the defendants, even putting the case most strongly for them, lost nothing of any value to them by the levy and sale.

No question is made, and none can be, of the power of the court to vacate, in a proper case, the record of satisfaction of a judgment by execution, levy, and sale, where it has not in fact been satisfied. The only question that has ever been made is as to what is a proper case for the exercise of the power. A proper case for it is one where the creditor has got no benefit, and the debtor has lost nothing, by the levy and sale, even though brought about by the mistake, either of fact or law, of the creditor. In such a case the debtor has no equities, while the creditor has some, perhaps not very cogent, but sufficient in the absence of any on the part of the debtor.

Order affirmed.