ANTHONY SUCHANECK *vs.* EUGENE C. SMITH.

Submitted on briefs April 4, 1893. Decided April 27, 1893.

**Minneapolis Municipal Court, Powers of.**

The municipal court of Minneapolis *held* to have jurisdiction to set aside a sheriff's return of the execution by him of a writ of restitution, issued to enforce a judgment of that court in proceedings for the recovery of demised premises, under 1878 G. S. ch. 84, such return being shown to be untrue. The court had authority also to enforce its judgment by issuing an *alias* writ of restitution.

Appeal by defendant, Eugene C. Smith, from an order of the Municipal Court of the City of Minneapolis, *Charles B. Elliott, J.*, made August 25, 1892.

The plaintiff, Anthony Suchaneck, made complaint in writing before the Municipal Court of Minneapolis that on May 1, 1886, he owned lot six (6) in block six (6) in George Galpin's Addition to Minneapolis, and leased the rear forty-four (44) feet in length thereof to defendant for five years from that day, for $50 a year rent for the first two years, and $60 a year for the remaining three years payable quarterly in advance; the tenant to construct a building thereon and pay all taxes on the property demised. That defendant failed to pay rent and taxes past due, and on June 25, 1889, plaintiff served notice on him to vacate and surrender the premises on or before November 1, 1889. Plaintiff prayed judgment for restitution, and for costs and disbursements. The plaintiff, on December 5, 1889, obtained judgment as prayed, and on appeal to this court that judgment was affirmed. *Suchaneck* v. *Smith,* 45 Minn. 26. The mandate was sent down, and a writ of restitution was issued May 25, 1891, and delivered to the sheriff of Hennepin county for service. He returned thereon that he had executed the writ on June 17, 1891, and ejected the defendant from the premises, and put plaintiff in possession, and had collected $14.68 costs.

On the next day defendant was found in possession, and he so remained. On July 21, 1892, the plaintiff filed his motion supported by affidavits, and obtained an order upon defendant to show cause August 4, 1892, why the return of the sheriff upon the writ of restitution should not be set aside as false and contrary to the fact, and

why an *alias* writ should not issue. Defendant appeared, and after hearing the parties the Municipal Court, on August 25, 1892, granted the motion, and directed the return to be canceled, and that an *alias* writ issue. From that order this appeal is taken.

*Albee Smith*, for appellant.

*E. Bloom* and *Hart & Brewer*, for respondent.

DICKINSON, J. This respondent, the owner of certain real property which he had demised to the appellant for a term of years, instituted proceedings in the Municipal Court of the city of Minneapolis, pursuant to 1878 G. S. ch. 84, § 11, to recover possession of the premises, for default of the tenant in the payment of rent, and in the performance of other stipulations in the lease. Judgment was rendered for this respondent, and a writ of restitution issued, which was returned to the court by the sheriff as having been executed by him, by ejecting the tenant and putting the landlord in possession. Subsequently on motion made by the respondent, and supported by affidavit alleging the falsity of such return, and after hearing upon notice to the adverse party, that court by its order set aside the return with the writ upon which it was made, and granted an *alias* writ of restitution upon the judgment. This is an appeal from that order.

The only question of any importance presented on this appeal is whether the Municipal Court had power to thus vacate the return, and to issue the *alias* writ.

By the law creating this court it is declared to be a court of record, and to have all the powers usually possessed by courts of record at common law, subject to statutory modifications, and with some limitations not necessary to be referred to. Except as otherwise provided, it is in terms vested with all the powers which are possessed by the District Courts of the state, and all laws of a general nature are made generally applicable to that court. It is declared to have full power and authority to issue all process, civil and criminal, necessary or proper to carry into effect the jurisdiction given to it by law, and its judgments and other determinations. Sp. Laws 1874, ch. 141.

It is not denied that the court had jurisdiction in the proceeding for unlawful detainer, and the validity of its judgment therein is

not called in question.    In view of the extent of the power expressly conferred upon the court as above indicated, it is considered that its action here in question was within its jurisdiction.    The court had the general power of courts of record to correct its record of the proceedings, erroneous or wrongful, of its own officers, and to carry into effect its judgment for restitution.    1 Black, Judgm. § 161;  *Balch* v. *Shaw*, 7 Cush. 282;  *Fay* v. *Wenzell*, 8 Cush. 315;  and see *Berthold* v. *Fox*, 21 Minn. 51, 55;  *D. M. Osborne & Co.* v. *Wilson,* 37 Minn. 8, 9, (32 N. W. Rep. 786;)  *State* v. *Macdonald*, 24 Minn. 48. The judgment being shown not to have been in fact executed, and it appearing that the record of its execution—the sheriff's return—was false, the court had power, by amendment or by setting aside the false return, to conform the record to the fact.    The judgment remaining unsatisfied, it was proper to issue an *alias* writ of restitution to carry it into effect.

Order affirmed.

VANDERBURGH, J., did not take part in this decision.

(Opinion published 54 N. W. Rep. 932.)