M. KINPORTS, Appellee, v. C. M. OBERHOLTZER, Appellant.

SETTING ASIDE SATISFACTION BY ATTACHMENT · SALE.   Where satis-
    faction of a judgment in attachment was entered on payment
    from the proceeds of a sale of the attached goods, and there-
    after the holder of a chattel mortgage on such goods, executed
    by defendant, recovered judgment against the sheriff for the
    value thereof, which was paid, an application to set aside such
    satisfaction was properly denied.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN,
                    Judge.

WEDNESDAY, MAY 23, 1900.

APPLICATION to set aside the satisfaction of a judgment against
the defendant.   The application was granted.   Both parties appeal.
—*Affirmed.*

*Wright & Baldwin* and *Organ & Askwith* for appellant.

*Flickinger Bros.* and *John J. Hess* for appellee.

SHERWIN, J.—In January, 1892, the plaintiff sued out an at-
tachment against the property of the defendant, and caused the
same to be levied upon a stock of cigars, tobacco, and smokers'
articles.   January 27, 1892, this stock was sold as perishable prop-
erty, for the sum of one thousand nine hundred and fifty-one dol-
lars.   March 3, 1892, the plaintiff obtained a judgment against the
defendant for the sum of one thousand six hundred and eighty-
four dollars and eight cents.   On the fourth day of March, 1899,
the sheriff, under the order of the court, paid to the clerk of the
court the amount due on the plaintiff's judgment, from the pro-
ceeds of the sale of the attached property, and there was paid
over to plaintiff's attorney the full amount of the judgment and
prepaid costs.   At the time of the levy of the attachment, and at
the time of the sale thereunder, the plaintiff's father held a chat-
tel mortgage covering the stock sold.   In August, 1892, he brought
suit against the sheriff for the value thereof, and in March, 1893,
recovered a judgment for the full amount.   Two appeals were
taken to this court in that case, the last of which was disposed of
in January, 1897, and the judgment against the sheriff was there-
upon paid.   This application is to set aside the satisfaction of the
judgment entered when the proceeds of the attachment sale were
applied to its payment, and is based upon the ground that the value

of the attached goods was recovered back by the defendant's mortgagee, and that plaintiff's judgment is in fact still unpaid. No one claims differently, but the defendant interposes numerous technical objections to the granting of the application. We see no merit in his various objections, and think the district court rightly set aside the satisfaction of the judgment. The order is AFFIRMED.