H. G. SEDGWICK et al., Appellants, v. GEO. W. JACK, Guardian, et al.

DEEDS: *Insanity of grantor—evidence.* In an action to set aside a conveyance from a husband to his wife, it appeared that the husband was eighty-four years old and that the wife was well along in years; that the husband and one A. had had certain litigation over real estate, resulting in A.'s favor; that thereupon the wife, without other foundation for the belief, conceived the idea that A. was meditating an attack on her husband's entire property on his death, and that A. had forged deeds to her husband's lands, and was ready, on his death, to assert title thereto, that she had repeatedly pressed this idea on her husband, who was in feeble health, and prayed for strength and guidance to thwart A., and had insisted that, in order to do so, the land must be conveyed to her; that this was at last done, by the conveyance in suit, after consultation with the family lawyer; and that both husband and wife were afterwards adjudged insane, the husband dying in an asylum. *Held,* that the evidence showed the husband to have been insane at the time when the conveyance was executed.

*Appeal from Van Buren District Court.*—HON. T. M. FEE, Judge.

WEDNESDAY, MAY 23, 1900.

ACTION to set aside conveyances of land on account of fraud and mental incapacity of the grantor. Decree for defendants. Plaintiffs appeal.—*Reversed.*

*O. C. Brown* for appellants.

*Mitchell & Sloan* for appellees.

SHERWIN, J.—This is an action to set aside conveyances of real estate from husband to wife. It is alleged that Datus E. Sedgwick, the grantor, was of unsound mind on the eleventh day of December, 1895, when he conveyed the property in question to his wife, M.

Frank Sedgwick. At the time of these conveyances Datus E. Sedgwick was eighty-four years of age, and the wife well along in years. There had been some litigation between Datus E. Sedgwick and one Anderson over a small piece of land, prior thereto. The wife evidently conceived the idea that Anderson was maturing plans for a general assault upon her husband's estate immediately upon his death. She seems to have been entirely sincere in this belief, and to have entertained it until it became thoroughly fixed in her mind. There was no foundation for it in fact, and nothing upon which to base it, except the previous litigation between her husband and Anderson, which had been determined in favor of Anderson. She claimed that Anderson had forged deeds to all of her husband's property, and that he was awaiting his death, ready thereafter to assert title thereto. She pressed this subject upon her husband, who was in feeble health, time and again. It seems to have been the one subject in her mind for a long time. She prayed for strength and for guidance to thwart Anderson in the scheme of villany she firmly believed he contemplated, and she insisted that the way to do this was to have the title of the property transferred to her, which was done, after consultation with the family lawyer. Both of these parties were afterwards adjudged insane, and both were confined in hospitals. Datus E. Sedgwick died therein after the commencement of this action. That the wife was acting in perfect good faith in this matter, we do not doubt. Nor do we doubt that it became and was an insane delusion with her for some time before the conveyances were made. A careful examination of the evidence has led us to the conclusion that the delusion which so firmly held possession of her mind was finally participated in by her husband, and that the conveyances were the result thereof, and that they were not the acts of a sound mind. For this reason the conveyances are set aside, as prayed, and the case REVERSED.