THOMAS M. REED, APPELLEE, V. ELI B. FISHER ET AL., APPELLANTS.

FILED JANUARY 24, 1912.   No. 16,582.

Judgment: CANCELATION OF SATISFACTION: MISTAKE. A plaintiff who, without any consideration whatever, satisfied a judgment in his favor, mistakenly believing that the debt had been paid by means of a worthless deed to land on which the judgment was a lien, may have the satisfaction canceled, where no right of any innocent party has intervened.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. J. Fisher* and *Aaron Wall,* for appellants.

*R. J. Nightingale, contra.*

ROSE, J.

This is a suit in equity in which the trial court canceled the satisfaction of a judgment against Eli B. Fisher and William J. Fisher, defendants herein, on a petition alleging that plaintiff, without consideration, through fraud and mistake, had discharged his lien. Defendants have appealed.

In a former action at law plaintiff recovered a judgment for $50 against Eli B. Fisher, who, to prevent collection thereof, had previously deeded an undivided sixth of a quarter section of land to his brother, William J. Fisher. The deed, though binding on the parties to it, was, by decree of court, canceled as to plaintiff, and the realty subjected to the payment of his judgment in a subsequent suit in equity, wherein he was plaintiff and both

of the Fishers named were defendants. Assuming that
the decree had restored the title to the fraudulent grantor,
plaintiff accepted from him a deed to the land and satis-
fied his judgment lien thereon, mistakenly believing the
judgment debt had been thus paid. The result was that
he did not acquire title or receive anything else of value,
and lost his lien—the fruit of an action at law and a suit
in equity. William J. Fisher, though he parted with
nothing and lost no legal right when the satisfaction was
entered, clung to the title obtained from his brother with-
out consideration, refused to deed the land to plaintiff,
kept him out of possession and prevented him from partici-
pating in the rents and profits arising from the land.
What the trial court did in the present case—another suit
in equity—was to strike off plaintiff's entry of satisfac-
tion and reinstate his lien on the land described.

Defendants seek a reversal on two grounds: (1) The
cancelation is an attempt to relieve plaintiff from his
own mistake of law. (2) The action is barred by the
statute of limitations.

1. Was the mistake one of law or fact? Was it mu-
tual? While these questions were subjects of animated
debate, the correctness of the cancelation can be tested
by two propositions about which there is no dispute in
the record: Plaintiff made the mistake of assuming that
the judgment debt was paid when he satisfied his lien.
The deed which he accepted as a consideration for the
satisfaction was absolutely worthless. It is therefore per-
fectly clear that no title was conveyed to him and that no
debt was paid. When plaintiff accepted the deed, he re-
ceived nothing and neither of the judgment defendants
parted with anything. In equity that is not the way debts
are paid or judgments satisfied. There is no intervening
right of any third party to complicate plaintiff's equities.
Both parties to the fraudulent conveyance were defend-
ants in the suit wherein it was canceled as to plaintiff and
they are also defendants here. It having been con-
clusively shown that plaintiff discharged his judgment

lien under the circumstances narrated, without any consideration whatever, the satisfaction was properly canceled. *Bowman v. Forney,* 15 Pa. Co. Ct. Rep. 134; *Hay v. Washington & A. R. Co.,* 11 Fed. Cas. 6255a; *Stewart v. Armel,* 62 Ind. 593; *Russell v. Nelson,* 99 N. Y. 119; *Watson v. Reissig,* 24 Ill. 281, 76 Am. Dec. 746.

2. Whether plaintiff knew, more than four years before he commenced this suit, that he had received no consideration for satisfying his judgment is an issue in dispute with proof on both sides. The trial court found for the plaintiff, and an examination of the entire record leads to the same conclusion on appeal.

AFFIRMED.