# F. M. RIDGWAY v. JOHN L. MIRKOVICH.[1]

April 5, 1935.

No. 30,200.

*Oscar G. Haugland,* for appellant.
*Mart M. Monaghan,* for respondent.

STONE, JUSTICE.

Defendant appeals from an order denying his motion to vacate a previous order vacating the satisfaction of judgment hereinafter considered.

A question is made as to whether notice of the motion for the first order was properly served upon defendant. That and other subordinate and procedural questions need not be considered, for, on the merits, decision must be for defendant.

Plaintiff procured a judgment for upwards of $160 against defendant some time before December 30, 1929. On that day she caused certain land of which defendant was the owner to be sold under a writ of execution which had issued under her judgment. She bid in the land for the full amount of her judgment and costs. The sheriff thereupon made return of the sale, and in consequence the judgment was satisfied.

[1]Reported in 260 N. W. 303.

At the time of the sale defendant's land was subject to a mortgage, which was thereafter foreclosed by advertisement. November 8, 1930, ten months after the execution sale, it was sold under that foreclosure. There being no redemption by either plaintiff or defendant, the land was lost to both. Plaintiff's claim, as stated in her original motion, is that the execution sale "was made under a mistake of fact in that the defendant had no title to the premises sold * * * that plaintiff received nothing under said sale or any right, title, or interest of any kind in the premises and that no part of the judgment has ever been paid and is still wholly unpaid."

The only thing wrong with that claim is that it is contrary to plain fact. When plaintiff levied upon and sold defendant's land, he had an absolute title in fee subject only to the lien of the outstanding mortgage. That title plaintiff, charged with all the knowledge that the record could give her, purchased at the execution sale. She acquired it absolutely, subject to defendant's right of redemption. The latter not exercised, plaintiff herself became absolute owner of the land, subject to the mortgage, December 30, 1930. At that time the mortgage foreclosure was under way. The mortgage sale had taken place about seven weeks earlier. But, from December 30, 1930, when the period expired within which defendant might have redeemed from the execution sale, until November 8, 1931, the expiration of the period of redemption from the mortgage foreclosure sale, plaintiff herself was owner in fee of the land.

Plaintiff got much by the execution sale. Whatever its worth, she got title to the land. For a year after the mortgage foreclosure sale she had the right of redemption. Neither is it true that the judgment has not been paid. It has been paid and well discharged by plaintiff's purchase at execution sale for the full amount of her judgment and costs. That afterwards, by failing to redeem from the foreclosure of the mortgage, she lost what she got in no way alters the fact of transfer of title to her effected by the execution sale. If it was good business not to redeem from the mortgage, the fact remains that there were no grounds upon which

she could rescind her executed purchase of defendant's land. That is just what she wants to do.

In First Nat. Bank v. Rogers, 22 Minn. 224, real estate was sold as that of a judgment debtor. But in fact it did not belong to him. So the purchaser, having received nothing at all, the judgment creditor was entitled to have the sale and the resulting satisfaction of the judgment vacated. That and other cases are dealt with in the annotation at 51 A. L. R. 243, 256. Where by mistake property is sold as belonging to the judgment debtor when in fact it was not, the sale on execution may properly be vacated and a new execution issued. Of course, if the purchaser actually got nothing "and the debtor has lost nothing" (D. M. Osborne & Co. v. Wilson, 37 Minn. 8, 32 N. W. 786), the sale may be vacated. Kinports v. Oberholtzer, 111 Iowa, 744, 82 N. W. 1012, 1013, is typical. Chattels were sold under attachment. Thereafter a prior mortgagee of the chattels got judgment against the sheriff as for conversion "for the full amount." So, in effect, the judgment creditor had gotten nothing, and his judgment "is in fact still unpaid." "No one claims differently," said the court [111 Iowa, 745], only "numerous technical objections" having been interposed "to the granting of the application."

The authorities generally are said to be divided on the question, irreconcilably so. 1 Freeman, Executions (3 ed.) pp. 236-239. The divergence seems to be on the question whether the maxim *caveat emptor* does or does not apply. The author states his own opinion thus [p. 242]:

"If the plaintiff obtains some title to the property purchased, but less than he supposed to be subject to sale when making his bid, he is not, we believe, entitled to relief."

Among the numerous cases in accord with that view are Holtzinger v. Edwards, 51 Iowa, 383, 1 N. W. 600; Vattier v. Lytle's Executors, 6 Ohio, 477.

Fraud is not claimed here. And there is no showing of such mistake as to justify rescission. Plaintiff is a lawyer. That aside, she must be considered as having purchased with wide-open eyes.

She either investigated the record or she did not. In either event, she is charged with notice of the mortgage. She either investigated the value of the property or she did not. In either event, she cannot claim the kind of a mistake which would warrant judicial relief. Neither defendant, the judgment debtor, nor the sheriff made any representations to her. In such a case, mere ignorance of important facts is not ground for relief from any contract. That is especially true of a judicial sale, where all circumstances are such as to warn the purchaser that it is incumbent upon him to inform himself fully as to what he is buying. He sets his own price, and if it is too much or if he should not have bought at all, ordinarily he has nobody but himself to blame.

The order under review is reversed with directions to set aside the original order vacating the execution sale and the resulting satisfaction of plaintiff's judgment so that both sale and satisfaction will be reinstated as of their original force and effect.

So ordered.