HERMANCE, Special Administratrix, and others, Respondents, vs. BRAUN, Appellant.

*April 13—May 9, 1939.*

358

For the appellant there was a brief by *Burdick & Burdick* of Lake Geneva and *Waller & Ruzicka* of Burlington, and oral argument by *H. L. Burdick.*

For the respondents there was a brief by *Sheldon & Freytag of Elkhorn,* and oral argument by *William A. Sheldon.*

WICKHEM, J.    Defendant's first contention is that the trial court erred in setting aside the certificate, deed, and satisfaction prior to sale under the judgment of partition for the reason that only a sale would determine that the interest secured by plaintiff upon execution was of no value.    Defendant suggests that to further the possibility of liquidating her interests for cash the mother of defendant might waive or discount some of her lien rights, but this is pure conjecture.    The record discloses that claims superior to plaintiff's interest are considerably greater in amount than the value of the premises.    Under these circumstances it is inevitable that plaintiff will receive nothing upon her judgment.    A proceeding to vacate a satisfaction, sheriff's certificate, and deed upon execution sale is governed by equitable rules, the ultimate question being whether it is inequitable or unconscionable for the debtor to avail himself of the satisfaction.    See 15 R. C. L. p. 831, § 302; 34 C. J. p. 734, § 1132; *Reed v. Fisher,* 90 Neb. 697, 134 N. W. 409; *First National Bank v. Rogers,* 22 Minn. 224; *De Loach Mfg. Co. v. Little Rock Mill & Elevator Co.* 65 Ark. 467, 47 S. W. 118; *Kinports v. Oberholzer,* 111 Iowa, 744, 82 N. W. 1012; *Hayes v. Cartwright,* 6 Lea (Tenn.), 139; *Bennett v. Childs,* 19 Wis. 362, *semble.*

As a general proposition, a creditor who has bid in his debtor's interest in land at an execution sale and has given a full or partial satisfaction as consideration therefor without having knowledge or reason to know that the premises were so incumbered as to leave nothing of value belonging to his debtor ought, if he acts within reasonable time and if the rights of third persons more deserving of protection than his have not intervened, to be permitted to have the certificate, deed, and satisfaction canceled. This is such a fundamental principle of ordinary justice that it neither lends itself to nor requires a detailed exposition. It is true in this case that as soon as a partition suit was commenced the claims of defendant's mother were interposed and plaintiff then knew that if the claims were valid they would exhaust the value of the premises. However, the question whether the claims of the widow were of any validity was within the field of reasonable debate and was doubtless as troublesome to plaintiff as it was to this court. The contention that by trying out these questions plaintiff enabled defendant's mother to assert rights which she could never have asserted by way of foreclosure, and that hence defendant's title is now clouded by the establishment of the mother's liens in the partition action, is another way of claiming that the position of the defendant has been so changed as to render inequitable the relief sought and granted. We do not consider that this contention is sound. The mother's claims could have been asserted at any time in a partition proceeding. She acquired no new rights by the action. Her rights were grounded upon antecedent relations with her cotenants, including defendant, and were in part at least based upon their consent. Defendant is deprived only of the opportunity of satisfying a judgment against her with property interests of no value. This does not render the relief granted inequitable.

*By the Court.*—Order affirmed.