Heath *v.* Daggett.

———————

HEATH, Plaintiff in Error, *vs.* DAGGETT & OTHERS, Defendants in Error.

1. The plaintiff in an execution under which property belonging to a party other than the defendant has been levied upon and sold by the United States marshal, cannot recover from the marshal or his securities the proceeds of the sale.   Nor does it make any difference that the plaintiff executed a bond of indemnity to the marshal before selling, where the law does not make it imperative upon him to sell upon receiving the bond.

*Error to St. Louis Court of Common Pleas.*

This was an action brought in 1853 against the securities in the bond of John W. Twichell, as United States marshal for

the district of Missouri, to recover money collected by him under an execution in favor of the plaintiff against Amos Sands. The facts were as follows :

The execution issued upon a judgment of the United States Circuit Court, rendered at the April term, 1850. Under it, the marshal levied upon certain goods as the property of Sands. After the levy, George Lansing claimed the goods, and the marshal summoned a jury to try the right of property, who found in favor of the claimant. The plaintiff thereupon executed to the marshal a bond, conditioned to " indemnify and save him harmless from all damages, costs, charges and expenses that he may sustain by reason of the levy, seizure and sale," and the marshal proceeded and sold the property, notwithstanding the verdict of the jury, and realized upwards of $6000 from the sale, a portion of which was paid to the plaintiff. This suit was brought for the balance.

In July, 1850, Lansing brought suit against Twichell for damages sustained by reason of the sale, and in May, 1852, recovered judgment for $8437 50, which remains unsatisfied. The suit was defended by the securities in the bond of indemnity. It was admitted, for the purposes of the present suit, that the property sold belonged to Lansing.

At the April term, 1838, the United States Circuit Court, for the district of Missouri, adopted a rule that writs of execution and other final process upon judgments and decrees of that court, and the proceedings thereupon, should be the same as those of the state courts.

Upon the above facts, the Court of Common Pleas gave judgment for the defendants, and the plaintiff brings the case to this court by writ of error.

*Todd, Krum & Harding,* for plaintiff in error. 1. It was lawful and proper for the marshal to take the bond of indemnity, and proceed and sell the property for the use of the plaintiff in the execution, notwithstanding the verdict of the jury in favor of Lansing's claim. (Watson on sheriff, (5 Law Lib. ) p. 196–7–8. Sewell on sheriff, (44 Law Lib. ) p. 243. *Bay-*

Heath *v.* Daggett.

*ley* v. *Bates*, 8 J. R. 185, 189. *Vancleef* v. *Fleet*, 15 J. R. 147–151. *Curtis* v. *Patterson*, 8 Mo. Rep. 65. 7 Barr, 541–2. *Rowe* v. *Cockrill*, 1 Bailey's Eq. Rep. (S. C.) 137. *Fisher* v. *Gordon*, 8 Mo. Rep. 391. R. C. 1845, tit. Executions, sec. 25.) 2. The marshal having taken the bond of indemnity and sold under its protection, the plaintiff became entitled to the proceeds of the sale. (1 Bailey's Eq. Rep. (S. C.) 137. 3. The judgment in favor of Lansing against Twichell is no defence, because the latter could have no claim or cause of action against Heath, except by virtue of his bond of indemnity, and upon this, he could have no cause of action until he had suffered *actual* damage. It is not sufficient that he is *liable* for damages. (1 Saund. Rep. 117, in foot note. 1 Chipman's (Vt.) Rep. 164. 14 J. R. 177. 3 Cow. Rep. 313. 7 Wend. 499. 8 Wend. 452.)

*C. D. Drake*, for defendants in error. 1. The defendants were liable to Lansing, the admitted owner of the property, for the marshal's trespass in selling it for the debt of Sands. (*State* v. *Moore*, 19 Mo. Rep. 369.) 2. The recovery by Lansing of a judgment against the Marshal alone for that trespass, does not extinguish the liability of the defendants therefor. (*Carmack* v. *Commonwealth*, 5 Binney, 184.) 3. This case is analogous to that of an action against an officer for failing to have attached property forthcoming on execution. To such an action, it has uniformly been held to be a sufficient defence that the property attached was not the defendant's. (*Fuller* v. *Halden*, 4 Mass. 498. *Tyler* v. *Ullmer*, 12 Mass. 163. *Denny* v. *Willard*, 11 Pick. 519. *Canada* v. *Southwick*, 16 Pick. 556. *Dewey* v. *Field*, 4 Metcalf, 381. *Jordan* v. *Gallup*, 16 Conn. 536. *Cilley* v. *Jenness*, 2 N. Hamp. 87. *Sawyer* v. *Mason*, 19 Maine, 49. *French* v. *Stanley*, 21 Maine, 512.) 4. It is right on principle, as it is sustained by authority, that when an officer makes money on execution by the sale of property which was not the defendant's, he shall not be required to pay it to the plaintiff. (2 Dana, 297. Harper, 275. 2 Harrison, 299. 14 Ala. 541.)

5. The fact that the plaintiff indemnified the marshal for selling, gives him no right to the proceeds of the sale, after it is ascertained that the property did not belong to the defendant. The bond was given, that the property might be treated as the defendant's until the right to it was determined by the judgment of a competent court. To allow the plaintiff to recover, after he admits that it did not belong to the defendant, and that he had caused the sheriff to commit a trespass in taking it, would be to allow him to take advantage of his own wrong. (*Newland* v. *Baker*, 21 Wend. 264.)

LEONARD, Judge, delivered the opinion of the court.

The question in this record is, whether the marshal's securities can resist the payment of the money collected by him upon the plaintiff's execution, on the ground that the property sold did not belong to the execution defendant, but to one who afterwards sued the marshal and recovered a judgment against him which yet remains wholly unsatisfied.

The circumstances relied upon to establish the plaintiff's right are, that the sale was made under a bond of indemnity, given by the plaintiff after an inquest by a jury, taken pursuant to our execution act of 1835, in which the property was found to belong to the claimant.

We are of opinion that the marshal could resist the payment on the ground suggested, and that his official securities may also insist upon the same defence. It is well settled, as a general principle, that an officer is not bound to go on with an execution against property, after ascertaining that it belongs to another, and he may, of course, resist the plaintiff's demand for the proceeds on the same ground.

This seemed to be conceded in argument as the general rule, and the point made for the plaintiff was, that, as the officer sold under a bond of indemnity, he was bound to complete the transaction, by paying over to the plaintiff the proceeds of the sale, and to rely for indemnity upon the bond he had taken;

Heath *v.* Daggett.

and that, as he had paid nothing on the judgment recovered against him, there was, as yet, no breach of that bond upon which he could retain the money on the principle of avoiding a circuity of action.

The execution act of 1845 makes it imperative upon the officer to sell when a sufficient bond of indemnity is tendered to him, and expressly provides that the bond taken shall protect him from all liability to the claimant, substituting for the claimant's protection this bond, in lieu of the personal liability of the officer. (R. C. 1845, p. 480, 481, secs. 25, 26 and 27.)

Of course, when a bond of indemnity is given under this act, the officer must sell and pay over the proceeds to the plaintiff, and he cannot refuse to act on the old ground, that the property belongs to a stranger, and not to the execution defendant.

The execution act of 1835, however, falls far short of this, and that is the act embraced in the rule adopted by the United States Circuit Court for this district, and, pursuant to which, it is admitted the present sale was made. That act does not make it the duty of the officer to sell upon the tender of sufficient indemnity, but, leaving that wholly to his own discretion, merely provided that the finding of the jury should protect him against both parties, claimant and execution creditor ; and it has never been holden in this state, it is believed, that a sheriff was bound at common law to levy and sell when tendered a sufficient indemnity.

In all this matter, the sheriff was required to act upon his own responsibility. If he sold the property of a third person, he was responsible to such person for the trespass ; if he refused to sell when he ought to have sold, he was liable to the plaintiff in the execution. The law required him to act, and held him responsible for his conduct to the party injured, leaving it to his own judgment to determine whether he would execute the writ, or return it " *nulla bona.*" If he saw fit, however, to take a bond of indemnity and sell, the bond was valid

against the party who made it, but no answer to an action of trespass by the owner of the goods.

Now, what obligations did the taking of this bond impose upon the officer under the act of 1835 ? That is the question to be settled, and we are asked to say that it estopped him from showing property in a stranger by means of a judgment subsequently recovered against him in a solemn judicial proceeding, of which the execution plaintiffs had notice, and the defence of which they took upon themselves as the real parties in interest. We cannot, we think, imply from the act of accepting the bond, an undertaking on the part of the officer to abstain from such a defence, nor can we discover any ground of natural equity, or principle of public policy, that will authorize us to create such an estoppel. These plaintiffs have now no right in morals to the proceeds of this property. It has been judicially ascertained, as against themselves, that it did not belong to their debtor, and ought not to have been sold ; and the officer is now liable to the owner for the value yet in his hands. The principle object of the bond of indemnity was to avoid a sheriff's inquest as to the right of property, and to transfer the settlement of that question to a competent tribunal, where the rights of all parties might be fairly ascertained. This being done, and an unsatisfied judgment standing against the officer for the property, upon what ground can we raise an estoppel, in order to put the proceeds of the sale into hands that have have no right to them, and that were, indeed, mainly instrumental in the wrong perpetrated by the levy and sale ?

It is argued, however, that the officer may never be required to refund the money, while the plaintiff, being equally liable as co-trespasser, may yet be sued and compelled to pay the owner the value of the property sold. The answer to all this is, that, when it occurs, the plaintiff will furnish a new ground of recovery against the officer and his securities.

The judgment must be affirmed, and the other judges concurring, it is affirmed accordingly.