Magwire v. Marks.

MAGWIRE, Plaintiff in Error, v. MARKS, Defendant in Error.

MAGWIRE, Plaintiff in Error, v. MARKS, Defendant in Error.

1. If a levy of an execution be made upon property not belonging to the defendant therein and such execution returned satisfied to the amount made by the execution sale, should the plaintiff in the execution be compelled to refund to the true owner the amount received by him from such sale, he will be entitled to have the satisfaction endorsed on the execution set aside and to have an execution issue for the full amount of the judgment.

2. A. recovered a judgment against B. Execution was issued thereon and levied by order of A.—he giving the plaintiff an indemnification bond—on certain personal property in possession of B. but known by A. to be claimed by C. as trustee for the wife of B. The sheriff made sale of the property levied on, and the amount made was endorsed on the execution in *pro tanto* satisfaction thereof. C. sued the sheriff and recovered judgment against him for the amount made by said levy and sale, with interest, which was paid by A. *Held*, that A. was entitled to have the sheriff's return vacated and set aside so far as it stated a partial satisfaction of the execution, to have the same amended in accordance with the facts, and to have an execution issue for the whole amount of the judgment.

*Error to St. Louis Court of Common Pleas.*

On the 9th of January, 1843, John Magwire recovered a judgment in the St. Louis court of common pleas against Dennis Marks for $1,575.35, and on the 21st of April, 1843,

Magwire recovered another judgment against said Marks for
$960.54. On the 3d of December, 1847, executions issued
upon these judgments, and the sheriff by direction of Ma-
gwire levied the same on certain personal property. A sale
was made under these levies and the amount made was cred-
ited *pro rata* upon the two executions. Magwire afterwards
filed his motions to vacate the satisfaction entered by the
sheriff in his returns on the executions. These motions were
heard upon the following agreed statement of the facts : " It
is agreed by the parties in the cause that Samuel Conway
was sheriff of St. Louis county at the time the execution on
the judgment in this cause was levied ; that he as such sher-
iff, by the direction of the plaintiff, levied on the property
endorsed on said execution as the property of the defendant ;
that at the time of said levy the said property was in the
possession of the defendant ; that at the time of the levy the
sheriff was notified that Marks held the property only as
agent of Luther C. Clark, trustee of Amira Marks, wife of
defendant, and thereupon the sheriff suspended further pro-
ceedings until he was indemnified by Magwire, the creditor,
who directed the sheriff to proceed upon the levy ; that the
amount endorsed on said execution as having been made by
said sheriff is the proceeds of the sale of said property to
various purchasers at the sale and which was paid over to the
plaintiff by said sheriff; that formal bills of sale were made
to the various purchasers according to the statute law ; that
afterwards Luther C. Clark, trustee of Amira M. Marks, wife
of defendant, instituted a suit in this court against said Con-
way, sheriff aforesaid, to recover the value of said property
levied upon under said execution, and such proceedings were
had in said suit that said Clark recovered judgment at the
—————— term, 1855, of said court for the value of said prop-
erty against said Conway, amounting to $4,842.18 and costs ;
that the plaintiff indemnified said sheriff before the said
property was sold; and the plaintiff having notice of the
claim of said Clark took upon himself the defence of the last
mentioned suit, and after judgment and before this motion or

notice thereof given to defendant, said sheriff Conway paid said judgment, and by reason of the recovery of said judgment the plaintiff, on account of his bond of indemnity, did pay a sum equal to the whole amount exclusive of interest that he had received from said sheriff and also all the costs, fees and commissions retained by him as having been made by the sale of said property under said execution; that Dennis Marks, the defendant, assuming to act as agent for his wife's trustee, Clark, was active in causing said claim of said Clark to be made, and said Marks employed counsel to institute and prosecute said suit against said Conway to recover the value of said property; and after final judgment and execution, and after the plaintiff had paid and refunded said money and satisfied said judgment in said suit against said Conway, said Marks recovered the amount of said judgment, to-wit, $5,300, from the sheriff of St. Louis county, but the defendant, in all that he did in respect to said property, claimed that he was acting only as agent of Luther C. Clark, the trustee of the wife of defendant—the said Clark at the time of said levy and sale being absent in a distant state; and he executed to defendant Dennis Marks a power of attorney, which was duly executed and recorded in the recorder's office of St. Louis county, and is hereto annexed and made a part of this agreement. The defendant agrees to the foregoing statement under the express reservation and condition that he may take every exception allowed by the law to plaintiff's motion as being out of time or otherwise improper, or that the facts as stated are incompetent as evidence or irrelevant."

The court overruled the motion and refused to set aside or vacate the sheriff's returns on the executions, and refused to allow other executions to issue against the defendant except for the balances of the judgments uncollected.

*Krum & Harding* and *W. F. Wood*, for plaintiff in error.

I. The court erred in refusing to strike out the credits endorsed on the executions, and in refusing to issue alias

executions for the whole amounts of the judgments discharged of the credits. (See Adams v. Smith, 5 Cowen, 280 ; 2 Harr. 299 ; 14 Ala. 541 ; 30 Maine, 187, 450 ; 22 Ala. 587 ; Heath v. Daggett, 21 Mo. 69.)

*Field*, for defendant in error, cited R. C. 1855, p. 484, § 46 ; Hensley v. Baker, 10 Mo. 157 ; Garth v. McCampbell, 10 Mo. 154 ; Vattier v. Lytle, 6 Ham. 477 ; Perry v. Williams, Dudley 44 ; Curtis v. Bennett, 11 Humph. 295.

NAPTON, Judge, delivered the opinion of the court.

The twentieth section of the eighth article of the act to regulate proceedings in justices' courts is an important modification of the law governing execution sales. Occurring, as it does, in the act which relates to justices' courts only, it may be presumed that it was only designed to apply to executions issuing from these inferior tribunals, yet its language is broad enough to include all kinds of executions ; and it is not very apparent what motive could have induced the legislature to introduce the remedy therein provided in one class of executions more than in another. The doctrine of *caveat emptor* is not abolished by this section so far as purchasers at execution sales are concerned ; but a consequence, which has been drawn from this doctrine, exempting execution debtors from all responsibility to purchasers at such sales when their title has failed, is distinctly repudiated. The principle might have been applied with great propriety to all executions, from whatever quarter they might emanate ; and it seems to be the result of oversight or accident that the provision is found where it is, instead of in the act regulating executions generally. The case of Heath v. Daggett, 21 Mo. 69, is not reconcilable with a strict application of the maxim of *caveat emptor* to execution sales. The return of the sheriff was in that case not held to estop him from showing that the property levied on and sold was not in fact the property of the defendant in the execution ; and therein the decision was totally at variance with the case of

Curtis v. Bennett, 11 Humph. 295, which has been cited in behalf of the defendant in this case.

The facts of this case are, that the plaintiff has received no benefit from any thing which has been done under this execution, and the defendant has received no injury; that the plaintiff has obtained no money, and the defendant has lost none; that both parties are in *statu quo* before the levy. To hold that the plaintiff is estopped from showing this because of the return of the sheriff, which shows the collection of nearly all the money called for by the execution, can only be justified by regarding the plaintiff as bound by the levy and sales which he ordered, however fruitless their results might prove. This would have the appearance of inflicting a penalty upon him for taking a course which he is expressly authorized to take by the statute, and for the consequences of which to others he has become responsible under the provisions of the statute by giving ample bond and security. These consequences the plaintiff has already submitted to in the shape of damages recovered in another suit; and to add to them the loss of his claim against the defendant in the execution, not one cent of which has been paid, would certainly be a harsh construction of the law. Undoubtedly the rule of *caveat emptor* is the settled rule in this state so far as purchasers under execution are concernd; and if the rule, by its implication, necessarily embraces the defendant in the execution, the plaintiff and the sheriff — as was held in the cases of Valter v. Lytle's Adm'r, 6 Hamm. 482, and Perry v. Williams, Dudley, 46 — the application of Magwire to have the return corrected could not be granted. But the section of the statute to which we have referred shows the intention of the legislature not to extend the operation of this principle to the defendant in the execution, and, taken in connection with the decision in Heath v. Daggett, seems to warrant the conclusion to which with some hesitation we have arrived in the face of respectable authorities to the contrary. We shall permit the sheriff's return to be amended.

The judgment is reversed and the cause remanded; the other judges concur.