(84 Misc. Rep. 514)

MARX et al. v. VALLEY STONE CO. et al.

(Supreme Court, Special Term, Albany County. March, 1914.)

1. PARTNERSHIP (§ 220*) — AUTHORITY OF PARTNER — SATISFACTION OF JUDGMENT.

Where one of two partners refuses to join in an action by the firm and is made defendant, he cannot subsequently, against his partner's wishes and after dissolution of the partnership, satisfy in consideration of the receipt of bonds of doubtful value, the judgment obtained in such action, especially where it appears that he is insolvent, and that prior to the satisfaction both partners had agreed through their attorneys that one of them should act as liquidator for the firm and have entire charge of the judgment.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 446–465, 467–469; Dec. Dig. § 220.*]

2. JUDGMENT (§ 898*)—SATISFACTION—VACATION—SCOPE OF ORDER.

Where one of two partners refuses to join in an action by the firm and is made defendant, and the attorney for plaintiff has a lien for his compensation on the judgment obtained, the act of the defendant partner in wrongfully executing a satisfaction of such judgment in consideration of the receipt of bonds of doubtful value is a fraud, not only on the rights

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the plaintiff partner, but also on the rights of such attorney; and hence the satisfaction will be set aside, not only to the extent of the plaintiff partner's interest, but also to the extent of the attorney's lien, leaving the defendant partner to take the proposed bonds to cover his interest only in the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1714–1717; Dec. Dig. § 898.*]

Action by Nicholas F. Marx and Frank Q. Miller, copartners, doing business under the firm name and style of the Schenectady Well Drilling Company, against the Valley Stone Company and Frank Q. Miller. Marx moves to vacate a satisfaction, entered by Miller, of a judgment for the plaintiff company. Motion granted.

Harry Cook, of Albany, for the motion.
Hayner & Ward, of Troy, opposed.

CHESTER, J. The plaintiffs, Nicholas F. Marx and Frank Q. Miller, were copartners doing business under the name of Schenectady Well Drilling Company. They had a claim for services against the defendant Valley Stone Company. That company was in financial difficulties and was engaged in a scheme of reorganization. The plaintiff Marx desired to sue the claim owned by him and his partner. The partner objected to the bringing of the suit. Marx, however, brought the suit for the benefit of the partnership making his partner, Miller, a defendant because the latter refused to join in the suit as plaintiff. The summons was served in May, 1913. The Valley Stone Company interposed an answer, but after answering made a confession upon which a judgment was entered against it, September 30, 1913, in the Schenectady county clerk's office for $300.35 damages and $17.19 costs, a transcript whereof was filed in the Montgomery county clerk's office. After the commencement of the suit, Marx wrote a letter to his partner dissolving the partnership between them, and it seems to be conceded that the partnership was thereupon duly dissolved. On November 7, 1913, Miller through his attorney agreed that Harry Cook, the attorney for his partner, Marx, should collect in the property of the partnership including the judgment in question and act as liquidator for the firm. One of the officers of the stone company on the 5th of January, 1914, requested Miller's attorney to advise Miller to satisfy the judgment against the stone company, and the attorney refused to give such advice on the ground that he had arranged that Harry Cook should have entire charge of the action and judgment, and Miller was advised by his counsel not to execute any satisfaction piece of the judgment. Miller was in the employ of the stone company and while in their employ and at their request, contrary to the advice of his counsel, on the 7th day of January, executed a satisfaction of the judgment as one of the members of the firm of the Schenectady Well Drilling Company, and such satisfaction was thereafter filed and such judgment satisfied of record in both Schenectady and Montgomery counties.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There was no consideration for the execution of the satisfaction except an agreement on the part of Miller that he would accept in payment of said judgment, and for the satisfaction thereof, one of the 5 per cent. bonds of the Valley Stone Company which it proposed to issue as part of its plan of reorganization, for the face value of the judgment. The plaintiff Marx had refused to satisfy the judgment on that basis or accept such bond in payment thereof, claiming that it would be of doubtful value and that the judgment was abundantly secured as a first lien upon lands owned by the Valley Stone Company.

It appears that Harry Cook as liquidator of the firm has received enough money to satisfy all the claims of the creditors of the firm, so that they are not concerned in this application. It also appears that John T. Cook, who was the attorney for the plaintiffs and who procured the judgment, had an agreement with Marx that he would pay him the sum of $100 and taxable costs if he obtained judgment against the Valley Stone Company in the suit.

[1, 2] It is undoubtedly the general rule that, where a debt is owing to a partnership, payment by the debtor to any partner will extinguish the claim of all, but here there has been no payment of the firm's claim. There has been simply an agreement of one partner that he would take something in satisfaction of the claim that the other partner would not agree to take and which the other partner believed had little if any value. Therefore the general rule of law which has been stated cannot apply to this case. The satisfaction here is a fraud, not only on the rights of the partner who was diligent in prosecuting and securing the partnership claim, but also on the rights of the attorney who had a lien upon the judgment for the amount of his agreed compensation and costs. The partner who executed the satisfaction seemed to be more inclined to aid his employers than to enforce the collection of the judgment owned by the partnership, and after assenting through his attorney that Cook should collect it, in favor of the partnership, undertook, in violation of his agreement and in violation of the rights of his partner and the attorney who procured the judgment, to satisfy the claim, not for cash, but for something that had a doubtful value. The claim is made that Miller is insolvent, so that any claim that Marx may have against him for damages for improperly satisfying the judgment would be valueless.

I think, under such circumstances, there being no claim of creditors involved, that the satisfaction piece should be vacated to the extent of the interest of Marx in the judgment as well as to the extent of the attorney's lien thereon, leaving Miller to take the proposed bonds of the Valley Stone Company to cover his interest only in the judgment.

An order to that effect, with $10 costs of the motion, is granted.

Ordered accordingly.