# EMMA E. BOYNTON, Respondent, v. J. R. BOYNTON et al., Appellants.

## Kansas City Court of Appeals, December 21, 1914.

1. **BILL IN EQUITY: Remedy at Law: Cause of Action.** If a petition in equity discloses that the plaintiff has an adequate remedy at law, no cause of action is stated in equity.

2. ————: **Judgment: Satisfaction: Fraud: Legal Remedies.** A petition in equity was founded upon allegations that the plaintiff had entered satisfaction of a judgment obtained against defendants therein through the fraud of defendants. It was held that plaintiff had adequate legal remedies by motion in the same case to cancel the satisfaction; or, by an action on the judgment and the petition in equity should be dismissed.

3. ————: **Motion: Audita Querela: Trial by Jury.** A motion in the same case to cancel satisfaction of a judgment obtained by fraud has practically superseded the old writ audita querela. The motion, if presenting matter for contested facts, should be tried with a jury.

4. ————: **Audita Querela: A Legal Remedy.** If an independent action through audita querela be resorted to, to set aside an entry of satisfaction of a judgment as having been procured by fraud, it is a legal and not an equitable remedy.

5. ————: **Improper Joinder: Waiver.** If two counts in equity to cancel an entry of satisfaction of a judgment on account of fraud be joined with a count at law to recover the amount of the judgment and the defendants proceed to trial before the court (waiving a jury) on all three counts without objection, they waive the irregularity.

6. ————: **Action on Judgment: Fraud: Practice: Pleading.** Where an entry of satisfaction of a judgment has been procured by fraud, and the plaintiff desires to pursue the course of bringing an action on the judgment, he may bring such action, when the defendant should plead the satisfaction as matter of defense, and then plaintiff should set up the fraud in avoidance, by reply.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*B. R. Dysart* and *Hunter & Chamier* for appellants.

*B. E. Cowherd* and *A. J. Quayle* for respondent

ELLISON, P. J.—Plaintiff was divorced from her husband Ira T. Boynton, who is a son of defendants and she recovered a judgment for $1500 against defendants for alienating his affection for her. About half of this judgment appears to have been paid. Afterwards she entered satisfaction for the balance, being induced to do so, as she charges, by her former husband (in fraudulent conspiracy with defendants) on his promise to remarry her. Her action is stated in a petition containing three counts, two in equity to set aside the release of the judgment, on account of this fraud of defendants and for want of consideration, and the third, a case at law to recover the sum due on the judgment. The trial court decreed that the release be set aside and it also rendered judgment on the third count for the balance due on the judgment.

Defendant now contends that the first and second counts did not plead facts sufficient to constitute a cause of action in equity, in that neither negatived a remedy at law; and further that in point of fact, conceding the release was obtained by fraud, those counts showed affirmatively that plaintiff had an adequate remedy at law. The law side of the court is, ordinarily, the proper tribunal for the administration of justice. Hence the rule is that the petition, in order to state a case in equity, must disclose a state of facts which show that full and adequate justice cannot be had at law. [Somerville v. Hellman, 210 Mo. 567.]

That an ample remedy at law existed for plaintiff's complaint, we have no doubt. The mere satisfaction or release of a judgment is no more than a receipt

as evidence of payment, and, "if made bona fide and correctly, forever discharges and releases the judgment." But, "as between the parties, if made unauthorizedly or by mistake, it may be cancelled or set aside on motion." [Cohen v. Camp, 46 Mo. 479.] In section 1016 of 2 Black on Judgments, it is stated that, while summary proceedings are available to set aside a fraudulent or mistaken entry or satisfaction, yet if there is conflicting evidence on material questions of fact, the proper mode of redress would not be upon motion *sustained by ex parte affidavits,* but "the party should be put to a regular action," citing Chapman v. Blakeman, 31 Kansas, 684, where the remedy pursued was a motion grounded on fraud, on which the parties were heard as upon an original action.

That the remedy by regular trial, as in *audita querela,* may be had on a simple motion, is stated in Longworth v. Screven, 2 Hill (S. C. Law) 298. In McDonald v. Falvey, 18 Wis. 599, the court said that "since the motion has taken the place of *audita querela* altogether, it would seem that the same mode of trial ought still to prevail; and such we find to be the practice. An issue is made and sent to a jury to be tried, like other cases of fact." And that, as we have seen, was the mode followed in Chapman v. Blakeman, supra.

In an early case in Massachusetts (Lovejoy v. Webber, 10 Mass. 101) the remedy sought was through the writ *audita querela* and the point was made that it could not be sustained on the ground that the party should have proceeded by motion; the court said that *"audita querela,* being at common law, is not taken away or abolished by a concurrent remedy. . . . It is a concurrent remedy with others; as in cases where redress may be had by summary proceedings on motion." . . . "The remedy is to be determined by the rules and precedents at common law." And the action was upheld, there being material disputed facts

to be ascertained. It is not said in that case whether if the proceeding had been by motion, a regular trial would have been had on the motion, or whether the parties would have been remitted to a separate and independent action. The latter course seems to be the view expressed in Wicket v. Cremer, 1 Lord Raymond 439, and Baker v. Ridgway, 2 Bing. 42, 47.

It will be seen that the result to be deduced from these cases, at least in this country, is that an independent action of *audita querela* is rarely used, since the same relief can be had on motion. The motion is filed as if in, or as a subsequent part of, the original case. If the motion brings on a contest involving material conflict in testimony, it ought not to be heard by the court summarily, on *ex parte* affidavits produced by the respective parties. But issue should be joined on the motion and the matter regularly tried with a jury.

We do **not** say the court may not order that an independent action (which would be no less than a complaint *audita querela*) be instituted and submitted to a jury. But *either* of these remedies would be at law. 3 Blackstone, p. 406, says the writ *audita querela* lies ''in the nature of a bill in equity,'' yet it is a common-law writ governed by rules and practice at law.

Having determined that the first and second counts show that plaintiff's remedy is at law and that a bill in equity would not lie, we must consider how the case stands on the third count, a straight action at law on a judgment. Defendant contends that it being an action at law, *ex contractu,* it could not be properly joined in the same petition with counts *ex delicto;* and that two counts being in equity and one at law, there should have been separate trials, by jury, if demanded on the law count, and by the court on the others. But defendant made no objection to the joinder, nor did they ask a separate trial of the law count. Their ob-

jection in a motion in arrest came too late, for the matter was not of vital consequence and was such irregularity as might be waived in the trial.

The third count, being an action on a judgment, may be maintained notwithstanding it appears to be satisfied by entry on the margin of the record, if such satisfaction was procured by fraud. [Cohen v. Camp, 46 Mo. 179.] Regularly plaintiff could well bring her action on the judgment and if defendant wished to rely upon a release or satisfaction, it was a matter of defense for him to plead. Plaintiff could then have laid the ground for avoiding the satisfaction by pleading in her reply that it was obtained by fraud. Instead of this, we have a suit on the judgment, joined in the same petition, with a bill to cancel the satisfaction of the judgment for fraud which does not state a cause of action, tried as one case. The result of all this, we think, is, in practical effect, to leave a case stated on the judgment together with affirmative allegations in the petition that an entry of satisfaction had been obtained through defendants' fraud. Thus taking the affirmative, instead of waiting for defendant to plead the release and then replying with the charge of fraud. Defendant's answer does not distinguish between the counts of the petition, but, after admitting that satisfaction was entered, is only a general denial. Accepting this as a denial of fraud in procuring the satisfaction, we proceed to consider whether the trial was properly conducted.

The only objection made under defendants' points as set forth in their brief, is that the court erred in admitting "conversations and agreements between plaintiff and Ira T. Boynton not in the presence of defendants and of which they had no knowledge or information." Defendants' abstract of the record shows that defendants objected and excepted to the ruling of the court. But plaintiff challenged the correctness of defendants' abstract and printed and filed one in which

it appears that no exception was taken, and defendants not having disputed this by asking that the original record be brought up we must accept it as true. [Sec. 2048, R. S. 1909.]

Under the 9th and 10th points of objection to the judgment, it is suggested, without elaboration, that there was a failure of proof of a conspiracy between defendants and Ira T. Boynton. We do not agree to this. We think it appears that the latter party falsely and fraudulently promised to remarry plaintiff if she would satisfy the judgment and that his father (the defendant J. R. Boynton) knew of it before as well as afterwards.

However, the foregoing is of no practical importance, in the state of the record. It is manifest from the entire record, that there was no consideration for the alleged satisfaction of the judgment. The sum of the whole matter is, that we are asked to sustain an entry of satisfaction of the balance on a judgment for which plaintiff has not received a penny.

The judgment should be affirmed. All concur.