HINKINS v. UNITED STATES FUEL CO.

No. 3652.   Decided June 17, 1921.   (199 Pac. 150.)

1. JUDGMENT—ADMISSION OF ORAL EVIDENCE ON MOTION TO VACATE SATISFACTION NOT ERROR. On motion to vacate a satisfaction of judgment, the admission of oral evidence was not erroneous, where the motion stated that it would be heard on the records, files, etc., and upon oral testimony to be offered.

2. JUDGMENT—SATISFACTION OF JUDGMENT BY PLAINTIFF'S COUNSEL ON COMPROMISE NOT OPEN TO ATTACK ON THEORY STIPULATIONS MUST BE WRITTEN. While judgments or decrees will not be entered upon stipulation unless the stipulation is in writing, no stipulation is involved where plaintiff's counsel merely entered satisfaction of a judgment as result of a compromise.

3. ATTORNEY AND CLIENT—DEFENDANT JUSTIFIED IN ASSUMING THAT PLAINTIFF'S COUNSEL WAS AUTHORIZED TO COMPROMISE JUDGMENT AND ENTER SATISFACTION. A defendant is justified in assuming

that counsel for plaintiff, who conducted the litigation, were authorized to compromise a judgment and enter satisfaction.

4. JUDGMENT—FINDING THAT THERE WAS NO FRAUD IN SATISFACTION OF JUDGMENT AND PLAINTIFF'S COUNSEL WERE AUTHORIZED TO MAKE COMPROMISE WARRANTED. On a motion to cancel satisfaction of a judgment, a finding that there was no fraud in the matter and that plaintiff's counsel were authorized to enter satisfaction *held* warranted.

Appeal from District Court, Third District, Salt Lake county; *P. C. Evans*, Judge.

Action by Joseph Hinkins against the United States Fuel Company. Motion by plaintiff for an order vacating and setting aside satisfaction of a judgment in his favor was denied, and he appeals.

AFFIRMED.

*D. H. Cannon*, of Price, for appellant.

*C. W. Morse* and *Howatt, Marshall, Macmillan & Crow*, all of Salt Lake City, for respondent.

WEBER, J.

In September, 1920, plaintiff filed in the district court of Salt Lake county a motion for an order vacating and setting aside a satisfaction of judgment in the above entitled cause.

On January 23, 1918, a judgment was rendered in favor of plaintiff and against defendant for $15,000. When a motion for a new trial was submitted by defendant, the court ordered that a new trial be granted unless plaintiff remitted $7,000 from the judgment. With plaintiff's consent the judgment was reduced to $8,000 and a new trial denied. On June 5, 1918, a satisfaction of judgment was entered by King, Braffet & Schulder, attorneys for plaintiff. The motion to vacate the satisfaction of judgment was supported by the affidavits of plaintiff, of his mother, Hannah

Hinkins, and his sister, Mrs. Alice Beard. Upon considera-
tion of the affidavits and of the oral testimony offered by
defendant, the court denied the motion of plaintiff, who ap-
peals from that order.

The affidavit of Joseph Hinkins, the plaintiff and appel-
lant, is to the effect that on June 10, 1918, he received from
his mother, Hannah Hinkins, at Standardville, Utah, a cash-
ier's check for $972.20, "which check was represented as
being a payment on the judgment heretofore obtained by him
in the above-entitled cause"; that he deposited the check to
his wife's credit; "that he has been informed that the records
in the above-entitled case show that the judgment heretofore
obtained by affiant in said cause was satisfied in full and
discharged on June 5, 1918, by Russel G. Schulder; that
affiant never authorized or directed any one to settle or com-
promise the judgment so obtained by him as aforesaid, ex-
cept upon the payment of the full amount of the said judg-
ment, and affiant has always refused to accept, and has never
accepted, the sum of $972.20, or any other sum, as full
satisfaction of said judgment; that purported satisfaction of
the said judgment by the said Schulder was made without
authority from the affiant and against his will, wishes, and
consent."

Mrs. Alice Beard, a sister of plaintiff, says in her affidavit
that on June 5, 1918, she went with her mother to the offices
of plaintiff's attorneys, and was informed by one of the
members of the firm that they had compromised the judg-
ment in favor of Joseph Hinkins, and another in favor of
his brother Clifford, for $2,000 each, but that they would
endeavor to obtain an additional $500. Thereafter affiant
was informed that they could obtain no more than $4,000
for the two cases; that Mr. Schulder then exhibited to affiant
a statement showing the cost incident to the trial, and handed
her a check for $972.20 for delivery to Joseph Hinkins, the
plaintiff; that both her mother and the affiant objected to the
settlement; that Joseph Hinkins thereafter refused to accept
the check for $972.20 in full settlement for his judgment.

Mrs. Hannah Hinkins, appellant's mother, made a similar written statement under oath.

At the hearing of the motion, Russel G. Schulder, a member of the law firm of King, Braffet & Schulder, was a witness, and detailed the history of the transaction complained of by appellant. According to Mr. Schulder's evidence, his firm first tried the case in favor of appellant's brother Clifford, obtaining a verdict for $3,000. Thereafter the $8,000 verdict was obtained. Mr. Schulder considered both judgments in a precarious condition. He told plaintiff in each case of the reasons why the judgments might be reversed, and why each plaintiff might suffer ultimate defeat, whereupon plaintiffs told their attorneys:

"Go ahead and handle this yourselves, and get as much as you can, and whatever you do is satisfactory to us."

On cross-examination, Mr. Schulder flatly denied that either Mrs. Hinkins or her daughter objected to the amount of the check, and testified that they expressed themselves as pleased with the settlements made.

Appellant urges that the court erred in permitting respondent to introduce oral testimony at the hearing.　　1 This contention is clearly untenable, especially as appellant's motion states that—

"This motion will be made upon the records and 'files herein and upon affidavits, copies of which are hereto attached, and upon oral testimony to be offered at the time of the hearing."

Appellant argues that, according to the rules of the district court, orders, judgments, or decrees will not be entered on stipulation, unless the stipulation is in writing. No stipulation is involved in this controversy. The agree-　2 ment between the attorneys for plaintiff and the defendant was to compromise a judgment. That agreement was executed

The other objection of appellant is that the court's order is not sustained by the evidence. The motion to vacate the satisfaction of judgment charges that it "was fraudulently made, and made without full consideration and without warrant of law." The record is wholly devoid of any evidence

of fraud. At the time of the compromise the defendant was proceeding to perfect its appeal from the judgment. Negotiations for settlement were instituted by the attorneys for plaintiff, reputable members of the bar, **3, 4** who, as shown by the evidence, acted in good faith. The respondent was justified in presuming that they were authorized to make the settlement for appellant. 6 C. J. 655; *Miller* v. *Preston*, 154 Pa. 63, 24 Atl. 1041. Besides, the court found from the evidence that Mr. Schulder had authority from the plaintiff to settle and compromise the judgment and to do what he did. That finding is supported by substantial evidence and is justified by the evidence.

The order appealed from is affirmed, with costs.


CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.