Knaak v. Brown.

---

THEODORE KNAAK, APPELLEE, V. LESLIE B. BROWN ET AL.: HERMAN STATE BANK, INTERVENER, APPELLANT.

FILED FEBRUARY 14, 1927.    No. 24363.

1. **Dismissal.** A "dismissal" after final submission of a case to a jury or to a court, where trial is by the court, to be effective, must be by leave of court and upon its order, which order is required to be entered on its journal.

2. **Judgment:** SATISFACTION: AVOIDANCE. A "satisfaction of judgment" is but a receipt, and like a receipt, in the absence

of intervening equities, may be explained or avoided by satisfactory evidence that payment was not, in fact, made, or, though made, satisfaction has become inoperative by reason of reversal of judgment, the vacating of sale, or any other cause rendering it inequitable for the defendant to avail himself of the entry of satisfaction.

3. ———: LIEN. A judgment lien on real estate attaches only to the actual interest of the judgment debtor therein, and is subject to all the then existing equities thereto, whether of record or not.

4. ———: SATISFACTION: REINSTATEMENT. Evidence examined, and *held* that, the intervener, Herman State Bank, not having changed its position in reliance upon the entry of satisfaction set forth in this opinion, plaintiff is entitled to have such entry vacated and his decree of foreclosure reinstated as of date of its original rendition.

5. Action of the district court in setting aside a certain sheriff's sale, the confirmation thereof, and sheriff's deed issued pursuant thereto, approved.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed, and remanded, with directions.*

J. A. *Singhaus*, for appellant.

P. F. *O'Gara*, contra.

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

This was originally the usual action to foreclose a purchase money mortgage upon a certain business property situated at Coleridge, Cedar county, Nebraska, brought by Knaak, as plaintiff, against Leslie B. Brown *et ux.* and Floyd Van Valin *et ux.* as sole defendants. The Herman State Bank sought to intervene after decree of foreclosure was entered, statutory stay thereof taken, and after a claimed dismissal had been entered by plaintiff, followed by his motion to vacate the same and reinstate decree of foreclosure. The allegations of the bank's amended petition in intervention were placed in issue by appropriate pleadings,

and upon hearing thereof by the district court for Cedar county, June 16, 1924, relief was denied and the petition of intervention dismissed. This order was journalized June 18, 1924. This last named order only the intervener superseded and from it an appeal is prosecuted. In its assignment of error contained in its brief, intervener adds a further assignment covering the denial by the trial court of its motion to set aside an order made in said cause, December 14, 1923, setting aside the dismissal of said action and reinstating said decree of foreclosure. No motion for new trial was filed, and the cause is here for trial *de novo*.

A brief recital of certain facts of the transaction may assist in properly presenting the question requiring our attention: Brown and wife executed the mortgage foreclosed. At the time of the entry of the decree of foreclosure, Van Valin had become the owner of the property by purchase from Brown, and under the terms of his conveyance had assumed, as part of the consideration, the payment of the mortgage debt, and was in possession of the property. About the time of the expiration of the statutory stay, Van Valin made an application to the Occidental Building & Loan Association of Omaha for a loan on the mortgaged premises which, to the extent of $2,500, was, at least, conditionally accepted by that company. Notes and mortgage evidencing that amount were forwarded to Van Valin and wife, executed by them, and this mortgage recorded by the loan company.

Contemporaneous with these negotiations an agreement for settlement of the foreclosure decree had been arrived at. In accordance therewith, Van Valin prepared a check for the sum of $500 payable to Knaak, a note of $660.75 secured by a chattel mortgage, likewise payable to Knaak, and had placed these instruments in possession of Mr. Gray, a banker, trusted by both parties. Under the arrangement between Van Valin and plaintiff Knaak, upon the expected receipt of the proceeds of the $2,500 loan, Mr. Gray was to deliver the same, together with the $500 check, the note

of $660.75, and chattel mortgage securing the same, to Knaak, who was thereupon to execute a proper satisfaction of his decree of foreclosure. The foregoing constituted the substantial terms of the settlement agreed upon.

It was discovered, however, that the requirements of the loan company were such that it was necessary for Knaak to release the decree of foreclosure of record before the proceeds of the $2,500 loan would be paid over by the loan company. To accomplish this purpose the following entry was made by Knaak's attorney upon the appearance docket of the district court for Cedar county, page 44: "Settled and dismissed April 3, 1923, by order of P. F. O'Gara, attorney for plaintiff. P. F. O'Gara. D. F. Crouch, Clerk. April 4, 1923, received of P. F. O'Gara, $19.30 bal. costs in this case. D. F. Crouch, Clerk."

The Occidental Building & Loan Association reconsidered and concluded to decline to make the loan, and refused to pay over the money represented by the mortgage of $2,500 and the note of that amount it had received. These papers were returned to the makers with a release of its $2,500 mortgage recorded by it on April 25, 1923. Owing to the impossibility thus created, the settlement agreement between plaintiff and defendant was never carried out, and no delivery thereunder was ever made by Gray to Knaak of the property herein referred to.

It appears that on April 21, 1923, in a cause that had been pending in the district court for Washington county, Nebraska, wherein the Herman State Bank was plaintiff, and Floyd Van Valin was defendant, a judgment for a deficiency was entered against Van Valin and in favor of the bank for $2,753.60. A transcript of this judgment was filed in the district court for Cedar county on April 24, 1923. At the time of the filing of the transcript the record disclosed the unreleased $2,500 mortgage in favor of the loan association as a first lien on the premises. The result of the recording of the release by the loan association was to make the judgment of the Herman State Bank, so far as

the records were concerned, an apparent first lien on the premises in suit. On August 20, 1923, and during the March, 1923, term of the district court for Cedar county, Nebraska, Knaak filed a motion in his foreclosure case, having for its declared object and purpose that the "dismissal" hereinbefore set out "be vacated of record, and that said cause be fully and completely reinstated, and that the decree of foreclosure be declared to be of full force and effect." Neither Van Valin nor any of the defendants oppose this motion. On September 4, 1923, the Herman State Bank, by petition of intervention, sought to interpose objection to this motion. The allegations of this petition of intervention were controverted by pleadings of the plaintiff Knaak.

On December 14, 1923, "it being a day of the regular December, A. D. 1923, term of the district court, in and for Cedar county, Nebraska," the district court heard the motion of Knaak to set aside, cancel and hold for naught the entry on the appearance docket hereinbefore quoted, and, by its order of that date, canceled and annulled the entry and reinstated the decree of foreclosure in full force and effect.

On January 5, 1924, the Herman State Bank filed a motion to set aside this order made on December 14, 1923, "for the reason that said entry was secured by plaintiff of said order on December 14, 1923, without notice to intervener of the time when said motion would be taken up for hearing by said court, and with full knowledge on the part of plaintiff that said intervener was depending upon said plaintiff securing an order fixing a time for hearing thereon, and advising said intervener when to be present." This motion of the bank to set aside the order of December 14, 1923, was heard and denied by the district court on March 3, 1924. It may be said in passing that the evidence before the court upon the hearing of the motion of Knaak to reinstate the decree which was sustained by the order of December 14, 1923, as well as evidence received on the hear-

ing of the motion of intervener bank to set aside the decree of December 14, 1923, which was denied March 3, 1924, is not preserved in the record.

On June 16, 1924, a further hearing was had in the case of Knaak v. Van Valin et al. on issues formed by the amended petition of intervention filed in behalf of the Herman State Bank, the answer and cross-petition of plaintiff Knaak thereto, and reply of bank. The district court's decision following, which has already been set out, furnishes the basis of intervener's appeal. The crux of appellant's complaint is the cancelation by the district court of the entry of April 3, 1923, a copy of which has been set out.

The parties and district court alike, in the record, refer to the entry of April 3, 1923, as "dismissal," "settlement and dismissal," etc. It is obvious, however, that the true nature and legal effect of the entry in question must be determined by its substance and is not at all affected by what the parties may call it. In substance, it fails to conform to the requirements of a "dismissal." Indeed, in the absence of statute conferring statutory powers to dismiss upon parties, the general rule undoubtedly is that discontinuance must be by leave of court, express or implied, and upon its order, and that a dismissal cannot be accomplished by the mere act of plaintiff alone, and particularly after trial and verdict, it being considered that the granting or refusal of leave to dismiss, discontinue, or take nonsuit, is a matter of practice to be exercised at the discretion of court with reference to the rights of both parties.

Our Civil Code provisions, so far as applicable to a proceeding after final judgment or decree, are in strict conformity with the rule above. Comp. St. 1922, secs. 8598, 8599.

Under the express provisions of our statutes, an order of dismissal must be made by the court and must be entered upon the journal of the court. Comp. St. 1922, sec. 8952. No such entry appears in this record.

In a case involving the principle controlling here, the

supreme court of California said that the filing of the written statement of abandonment, and the clerk's entry in the register of actions, does not, under the Code of Civil Procedure of California, sec. 581, operate as a dismissal of the action if no judgment of dismissal was ever made or entered by any order of the court made in relation to the matter of abandonment. *Barnes v. Barnes,* 95 Cal. 171, 16 L. R. A. 660; *Rochat v. Gee,* 91 Cal. 355. The reason upon which the California decisions are based is that under their code "the filing of the paper referred to was, in effect, an order for a dismissal of the action, and would have been sufficient authority for the clerk to have entered a judgment of dismissal; but until the entry of such judgment the court retains jurisdiction of the case." Upon this particular branch of the case, it may be said in conclusion, giving the words of the entry on the appearance docket at page 44 all reasonable force and effect, the entry amounts to no more than competent evidence upon which an order to dismiss might have been entered by the court, but which, in fact, it appears, never was made.

It is plain, however, from the substance of the entry, that its object was to secure a discharge and satisfaction of record of the decree of foreclosure. As our Civil Code defines a judgment as the final determination of the rights of parties in an action, the entry may be properly termed a "satisfaction of judgment."

In this connection it may be noted that section 9508, Comp. St. 1922, in terms, requires the clerk of the district court to keep at least eight books, of which the "judgment record" and "journal" are each, one; that section 9509, Comp. St. 1922, provides in part; "And whenever any judgment is paid off and discharged, the clerk shall enter such fact upon the judgment record in a column provided for that purpose."

The record being silent on the question of any entries being made by the clerk of the district court, except as shown in the record, the presumption obtains that none

were made. There being no statutory authority for the entry of a satisfaction of judgment in the appearance docket, and there being an absence of any other order or entry satisfying said judgment, do we have before us a satisfaction of judgment (or decree) such as contemplated by law? *Manker v. Sine,* 47 Neb. 736.

Waiving this point and assuming the "satisfaction of decree" is properly entered, still, "Relief may be had, in a variety of forms, when a judgment appears from the record to be satisfied, but the entry of satisfaction was induced by fraud, mistake, inadvertence, or any other cause not producing an actual satisfaction nor precluding the plaintiff from pursuing appropriate remedies to reinstate his judgment. * * * But the remedy usually resorted to is by motion in the original action for an order canceling the entry or return of satisfaction and directing execution to issue for so much of the judgment as remains unpaid." 2 Freeman, Judgments (5th ed.) sec. 1166. *Williams v. Miller,* 249 Fed. 495; *Galway v. City of Chicago,* 207 Ill. App. 304; *Chicago, S. B. & N. I. R. Co. v. Dunnahoo,* 63 Ind. App. 237; *Farmer & Sons v. Sasseen,* 63 Ia. 110; *McNeal v. Hunt,* 6 Kan. App. 670; *Magwire v. Marks,* 28 Mo. 193; *Boynton v. Boynton,* 186 Mo. App. 713; *Sneary v. Nichols & Shepard Co.* 70 Okla. 133; *Leonard v. Ross,* 56 Okla. 118; *Sims v. Campbell,* 1 McCord Eq. (S. Car.) * 53; Freeman, Executions (3d ed.) sec. 53. See *Hinkins v. United States Fuel Co.,* 58 Utah, 327.

The time for the motion is not governed by the statute requiring motions for relief from a judgment or other proceeding taken against a party through his mistake, inadvertence, surprise or excusable neglect. *Acme Harvester Co. v. MaGill,* 15 N. Dak. 116.

In fact, an entry of satisfaction is but a receipt, and like a receipt may be explained or avoided by satisfactory evidence that payment was not, in fact, made, or, though made, satisfaction has become inoperative by reason of reversal of judgment, the vacating of sale, or any other cause, ren-

dering it inequitable for the defendant to avail himself of the entry of satisfaction. *Stewart v. Armel,* 62 Ind. 593; *Dane v. Holmes,* 41 Mich. 661; *Boynton v. Boynton,* 186 Mo. App. 713; *Marx v. Valley Stone Co.,* 147 N. Y. Supp. 519; *Reynolds v. Magness,* 24 N. Car. 26; *Farmer & Sons v. Sasseen, supra; Wallace v. Berdell,* 105 N. Y. 7.

Thus, in case of absence or failure of consideration, the entry may be vacated, as where the consideration for the satisfaction was a deed believed to be good, but, in fact, worthless. *Reed v. Fisher,* 90 Neb. 697; *Boynton v. Boynton, supra; Winter v. Kansas City Cable R. Co.,* 73 Mo. App. 173.

True, a court is not bound to set aside on motion a satisfaction voluntarily entered, though without consideration, and will not do so to the injury of an innocent third person who has acted on the strength of the record, as in the case of a *bona fide* purchaser of property who became such when the judgment appeared by record to be satisfied.

But, in the instant case, the district court, on consideration of the evidence which is not before us, on December 14, 1923, set aside and annulled this entry. At a later time, and at a hearing which resulted in a judgment from which the appellant bank now complains, there was an attempt to have reinstated the entry thus canceled and annulled. However, the intervener bank wholly failed to show that it, in any manner, changed its position in reliance upon the record, or that it occupied the position of an innocent third party who had acted on the strength of the record.

Indeed, this bank, by the filing of its transcript, obtained a lien. But its lien attached only to the actual interests of the judgment debtor, Van Valin, in the mortgaged premises, and was subject to all existing equities, whether of record or not. Judgment lien merely conferred the right to levy upon the property in litigation here to the exclusion of all other adverse interests subject to the judgment. *Metz v. State Bank of Brownville,* 7 Neb. 165; *Doe v. Startzer,* 62 Neb. 718; *First Nat. Bank of Falls City v. Edgar,* 65 Neb. 340; *Harral v. Gray,* 10 Neb. 186; *Pearson v. Davis,* 41 Neb.

608; *Roberts v. Robinson,* 49 Neb. 717; *Chicago, B. & Q. R. Co. v. First Nat. Bank of Omaha,* 58 Neb. 548.

"A judgment lien is, in equity, but a charge on the title held by the defendant when the lien attaches, or which is subsequently acquired. It can only hold the legal estate subject to the equity. 'It is well settled that a judgment lien on the land of the debtor is subject to every equity which existed against the debtor at the rendition of the judgment; and courts of equity will always limit the lien to the actual interest of the judgment debtor.' * * * Thus, if through an innocent mistake the holder of a trust deed has released it as to more of the land than was intended, the lien of an intervening judgment is subject to the equitable right to have the release reformed, notwithstanding a recital in it of full payment." 2 Freeman, Judgments (5th ed.) sec. 950, and cases cited. Knaak's judgment was never paid. Satisfaction was due to a mistake, and no consideration for making it was received or given.

It follows, therefore, that Knaak, as against defendants and intervener, is entitled to a cancelation or vacation of the entry of April 3, 1923, and a complete reinstatement of his decree of foreclosure as of date of its original rendition. as a first and paramount lien on the premises.

The Herman State Bank is, subject to the rights of the plaintiff therein, entitled to a second lien on the premises in litigation.

In so far as the order of June 16, 1924, sets aside and annuls the execution sale had on intervener's judgment, the confirmation thereof, and sheriff's deed issued pursuant thereto, it is likewise approved. The sufficiency of the pleadings on which this hearing was had is unquestioned by either party. The findings are sustained by the evidence and are imperative if due recognition is to be accorded the maxim, *"Actus curiæ neminem gravabit."* The district court, in the proper exercise of the constitutional grant of chancery power, is bound to interfere if it perceives that

its own process or jurisdiction is about to be used for purposes which are not consistent with justice.

We find, however, that the district court did not expressly determine the amount unpaid upon plaintiff's decree of foreclosure. It is necessary that this be done. In view of the present condition of the record, and the fact that during the pendency of this case the rent accruing on the premises has been collected by a receiver appointed by the court, in justice to all parties, the case should be affirmed and remanded solely for the purpose of taking an account and determining the amount actually unpaid on plaintiff's decree of foreclosure.

Accordingly, the order entered in this cause on December 14, 1923, annulling and setting aside the satisfaction of decree which appears on appearance docket at page 44, as well as the decree made and entered in said cause on June 16, 1924, appealed from, are in all respects affirmed, and the cause is remanded to take an accounting, and for the purpose of determining the amount still unpaid upon plaintiff's decree of foreclosure, and for such other proceedings as may be necessary to be had in conformity with this opinion.

AFFIRMED, AND REMANDED, WITH DIRECTIONS.